McCONNELL, ADMINISTRATRIX *v.* THOMSON, TRUSTEE.

[No. 26,817. Filed June 9, 1937. Rehearing denied November 24, 1937.]

*Lashly, Lashly & Miller, Clark M. Clifford* and *Noel, Hickam, Boyd & Armstrong,* for appellant.

*Hatfield & Hatfield, Hays & Hays* and *K. L. Richmond,* for appellee.

TREANOR, J.—The appellant is the administratrix and the widow of David B. McConnell, who prior to, and at the time of his death was employed by the appellee as a brakeman; and who, while engaged in his work as a brakeman, fell from a freight car, and by reason thereof suffered injuries which caused his death. The appellant, as administratrix, filed a complaint against appellee in the Vanderburgh Circuit Court but later dismissed this action and indicated an intention to file her suit in the

Federal District Court in the city of Saint Louis in the State of Missouri. Thereupon the appellee, as plaintiff, filed suit in the Vanderburgh Probate Court asking as relief that the appellant, defendant below, "be restrained and enjoined from in any manner or to any extent, filing and/or prosecuting said cause of action ... in the City of Saint Louis, County of Saint Louis, State of Missouri," etc.; "and that the defendant be restrained and enjoined from in any manner filing or causing to be filed any such action against this plaintiff growing out of said injury in any other court than in Vanderburgh County, Indiana, or one of its contiguous counties."

The trial court found for the plaintiff and entered judgment as follows:

"IT IS THEREFORE ordered, adjudged and decreed by the court that the defendant be and she is now hereby permanently restrained and enjoined from in any manner or to any extent, filing and/or prosecuting said threatened cause of action against this plaintiff in the City of St. Louis, State of Missouri, and from doing or commanding, directly or indirectly, either in person or by counsel, any act or acts looking to or resulting in any progress in said threatened cause, filed or to be filed in said City of St. Louis, State of Missouri, or from causing or permitting said cause to be assigned for trial and from trying said cause in said City of St. Louis, State of Missouri, and likewise she is permanently restrained and enjoined from committing any act or giving any direction or authority or in any way counseling, abetting or aiding in any manner the filing or prosecution of said threatened cause growing out of said injury *in any other court than in said Vanderburgh County or one of its contiguous counties.*"

The evidence discloses that the appellant was threatening to file suit in the Federal District Court sitting in the city of Saint Louis, Missouri; and since the judgment of the trial court enjoins the defendant from

prosecuting her suit "in the city of Saint Louis, State of Missouri," and expressly enjoins her from filing or prosecuting her suit "in any other court than in said Vanderburgh County or one of its contiguous counties" the effect is to enjoin her from filing or prosecuting her suit in the Federal District Court sitting in the city of Saint Louis, State of Missouri.

The assignment of errors presents a single proposition which is stated by appellant as follows:

"The court having been asked to enjoin the filing and prosecution by appellant of a suit under the Federal Employers' Liability Act in any court other than the courts sitting in Vanderburgh County and its contiguous counties, and the uncontradicted evidence showing that appellant asserted a cause of action under said act and proposed to file such suit in the Federal District Court sitting at St. Louis, Missouri, and that appellee was doing business in St. Louis, the finding and decision of the court in favor of appellee and its decree so enjoining appellant were not supported by the evidence, contrary to law and erroneous, and its ruling overruling appellant's motion for new trial was likewise erroneous."

The Federal Employers' Liability Act authorizes any person who seeks to enforce a cause of action under said act to prosecute the suit in the United States District Court in any one of the following places:

 (a) "In the district of the residence of the defendant,"

 (b) "In the district . . . in which the cause of action arose,"

 (c) "In the district . . . in which the defendant shall be doing business at the time of commencing such action."

Consequently, this appeal, on the merits, presents this question: Can the Probate Court of Vanderburgh County, in the exercise of its equity powers, enjoin one who is a citizen and resident of Vanderburgh County,

Indiana, from invoking the jurisdiction of a Federal Court to assert a cause of action arising under the Federal Employers' Liability Act when the Federal Court in question is one whose jurisdiction the Indiana citizen is authorized to invoke by express provision of the Federal Employers' Liability Act?

This court in *Kern* v. *The Cleveland, C. C. & St. L. Ry. Co.*[1] held that courts of equity in Indiana have the power to enjoin our citizens from bringing suits in the state courts of other states; but this court has not passed upon the question presented by this appeal.

The decisions of the Federal courts necessarily must control insofar as they bear upon the construction of the Federal Employers' Liability Act.

In *Connelly* v. *Central R. Co. of New Jersey*,[2] the case was made by a motion to set aside the service of summons on the ground that the district court did not have jurisdiction of the person of defendant. It was assumed that by the provisions of the Employers' Liability Act the court did have jurisdiction if the defendant was doing business in the Southern District of New York at the time of the commencement of the action. In distinguishing the case before it from other cases the court used the following language (p. 933) :

> "In those cases the courts were considering jurisdiction from the standpoint of the effect of the consent provided for by state statutes or the lack of such consent. In the case at bar there is a clear provision in the federal statute which sets forth the locus of the jurisdiction and allows a plaintiff to determine whether he should begin his action in the district where a defendant resides, where the cause of action arose, or where the defendant was doing business at the time of the commencement of the action. It may well be that instances may arise where inconvenience may result from bringing the

1. (1933), 204 Ind. 595, 185 N. E. 446.
2. (1916), 238 Fed. 932.

action in a district where neither party resides and where the cause of action did not arise; but questions of convenience or of the work which shall be allotted to the various districts of the United States are, within constitutional limitations, entirely questions for the legislative branch."

In the case of *Trapp* v. *Baltimore & O. R. Co.,*[3] the following facts appear: The plaintiff was a citizen and resident of the State of Indiana. The defendant was a railway corporation organized and existing under the laws of the State of Maryland, and a citizen and inhabitant of that state. Plaintiff, while employed by defendant, sustained injuries at the city of Garrett, Indiana, for which he brought his action to recover damages. The defendant maintained and operated a system of intra and inter state railroads, a part of which was in the territory comprising the Northern District of Ohio. The defendant appeared specially and moved to dismiss for want of jurisdiction. The following excerpt from the opinion of the court is pertinent in the instant case (p. 656):

"The language of the first sentence of the amendment is clear and explicit. It confers upon an injured employee the privilege of bringing his action in any one of three districts of the United States. The privilege thus conferred is not controlled by nor dependent upon the jurisdiction conferred by a state upon its local courts.

"Defendant, in arguing its motion, assumes that plaintiff's petition alleges that defendant was doing business in the Northern District of Ohio at the time this action was commenced. This being true, then by the express terms of the law plaintiff may bring his action in this district. The fact that he might also have brought it where the cause of action arose (that is, in Indiana), or in the district of the defendant's residence (that is, the State of Maryland), does not deprive him of his right to select also this district, where the defendant is do-

3. (1922), 283 Fed. 655, 656.

ing business at the time of commencing such action. That this may overburden the calendar of this court with actions arising outside of the district, and that much inconvenience may arise from permitting an action to be brought here, when the plaintiff and all the witnesses on both sides may reside in Maryland or Indiana, are considerations merely of convenience, and can be given controlling weight by Congress alone, which has power to make or amend the law. This ruling is in accord with the opinion of District Judge Mayer in *Conelly* v. *Central R. Co. of N. J.*, 238 Fed. 933, in which opinion I fully concur."

A most helpful discussion is found in the opinion of the Circuit Court of Appeals of the Eighth Circuit in the case of *Chicago M. & St. P. Ry. Co.* v. *Schendel.*[4] In that case suit had been brought in the district court of Yellow Medicine County, Minnesota, a state court, against appellant railroad for damages arising out of the death of an employee at Cedar Rapids, Iowa. Appellant railroad then instituted suit in the district court of Linn County, Iowa, against the widow of decedent and all the principal witnesses in said suit in Yellow Medicine County, Minnesota, and secured a temporary injunction enjoining said parties from taking any steps in aid of or testifying in said cause, or any other cause brought to recover damages for the death of said deceased except in the United States District Court, Cedar Rapids Division, Northern District of Iowa, or the state court in and for Linn County, Iowa. Thereafter the case in Yellow Medicine County, Minnesota, was dismissed, and the case instituted in the United States District Court for the District of Minnesota, Fourth Division, making practically the same claim for damages as in the suit in the Yellow Medicine County Court. Attempts were made to take the depositions of the witnesses in Iowa who had been enjoined by the District

4. (1923), 292 Fed. 326.

Court of Linn County, Iowa, and the witnesses refused to testify or to give depositions. Appellee then, by ancillary proceedings, sought an order of the United States District Court for the District of Minnesota, Fourth Division, to restrain appellant from interfering with the jurisdiction of the United States District Court, or with the prosecution of the suit by plaintiff, and asking that appellant be compelled to take necessary steps to dismiss the proceedings pending in the District Court of Linn County, Iowa, wherein the railroad company, appellant, was plaintiff, and the widow of deceased and others were defendants. The United States District Court of Minnesota ordered a temporary injunction issued restraining appellants in the respects requested and from this order an appeal was taken to the Circuit Court of Appeals, Eighth Circuit.

At the time of the institution of the suit there was a statute in Iowa which the Supreme Court of Iowa had construed to authorize the enjoining of an Iowa citizen from bringing suit for personal injuries sustained within the state in any jurisdiction other than the State of Iowa. This statute purported to give expression to a public policy of prohibiting "the so-called practice of ambulance chasing."

The Circuit Court of Appeals affirmed the judgment of the District Court and we quote the following from the opinion of the Circuit Court (p. 329):

"The action for personal injury under this act is a transitory one, and can be brought in any court having jurisdiction of the subject-matter and of the parties. . . . We therefore have a situation presented where Congress has given a right by federal enactment, and a state limits or destroys that right through an injunction of one of its courts based on a state statute, on the theory that the exercise of the right would interfere with the public policy of the state.

"This public policy compels the citizen to give

up a right granted by federal law. It is difficult to take seriously in this day of our national history the proposition that a state can be permitted so to destroy the power of the federal court to carry on the work given to it under the acts of Congress. If witnesses, by order of a state court, can be prevented from testifying in a federal court, then the federal court is a mere shell, to be crushed by the pressure of state court injunction. If a state can compel a citizen to give up one federal right as a prerequisite to bringing suit in a federal court, it can compel him to give up all federal rights. It is a proposition fraught with amazing consequences. Generally the plea to protect the right to go into the federal court has been made by the corporation, where the state has tried to prevent removal of cases brought in the state court, and the federal courts have in later years emphatically held that the state cannot interfere with federal jurisdiction by passing laws taking from foreign corporations their right to do business in the state unless they give up the right to transfer cases to the federal courts. The reasoning in these cases is somewhat in point here. . . .

"If a defendant corporation has a right to take its case to the federal court (necessary diversity of citizenship existing), and if the right cannot be taken from it by a state Legislature or a state court, surely the same reasoning should apply to the citizen who desires to bring an action in the federal court under a right given to him by federal statute.

"The situation presented in the railroad company's bill in the state court is undoubtedly aggravating and may merit the attention of bar associations and possible action by the courts to prevent unethical practice of the law, but that is not a matter that this court can remedy on this appeal. The bald fact is that the right existed on the part of appellee to bring the case for personal injury and death under the Employers' Liability Act in the federal court, in any district where appellant was doing business at the time the action was commenced. The action was brought in the District Court of the United States for the District of Minnesota, Fourth Division. It is without question that defendant was doing business in that district

at the time the action was commenced. The Iowa public policy cannot destroy this federal right. *In a conflict between such policy and a federal right given to a citizen of Iowa, the public policy must yield. The Constitution and the laws made thereunder are the supreme law of the land, and are as much the law of the state as are the state enactments. A state cannot confer jurisdiction on a federal court, nor can it take it away.* (Our italics.)

"The act of the Iowa Legislature, as construed by the Supreme Court of the state, taking from an Iowa citizen the federal right under the Employers' Liability Act to go into the United States court and bring suit for injury, or from his estate, if death results therefrom, in any district in which defendant was doing business at the time the action was commenced, is unconstitutional, and the order of the District Court unauthorized and void. It amounts to a nullification of the federal statute."

In the foregoing appeal appellant urged that the right to injunction in the state court existed on account of injustice, hardship, oppression, and fraud in bringing the action in another state. The opinion of the Circuit Court points out that such was not the ground for the issuing of the injunction, and stated that it was not necessary to discuss that point. But it would seem beyond question that the equity powers of a state court are as ineffectual against a valid exercise of legislative power by the Congress of the United States as any other power of a state court. And surely a state court cannot limit the exercise of a right by a citizen of the United States if this right is conferred by a valid act of Congress and when such right cannot be limited or abridged by a state in the exercise of its full sovereign power.

The Circuit Court of Appeals, Sixth Circuit,[5] has held that under the Federal Employers' Liability Act a federal court had the jurisdiction to try a suit against a company operating a railroad within the district not-

5. *Southern Rwy. Co.* v. *Cochran, Judge* (1932), 56 Fed. (2d) 1019.

withstanding any burden upon interstate commerce, and that such federal court had no discretion to refuse to take jurisdiction. The court in its opinion quoted from the Schendal case, *supra,* to the effect that the justice and wisdom of conferring such jurisdiction was for the determination of Congress.

If the decisions of the federal courts correctly hold that Congress has given to litigants a choice of federal jurisdictions which cannot be limited by federal courts, there is nothing in the language of the Act which suggests any intention to authorize state courts to limit this right of choice.

It is stated by the United States Supreme Court in *Douglas* v. *N. Y., New Haven & Hartford R. Co,.*[6] that "as to the grant of jurisdiction in the Employers' Liability Act, that statute does not purport to require state courts to entertain suits arising under it, but only to empower them to do so, so far as the authority of the United States is concerned." And in the same opinion it was stated that "there is nothing in the Act of Congress that purports to force a duty upon such courts as against an other valid excuse."

In the case of *Ex Parte Crandall*[7] the Hon. Evan A. Evans, Judge of the Seventh Circuit, commented upon the construction of the language of the Federal Employers' Liability Act as follows (p. 654) :

> "Accepting as I must the construction of the act placed on it in the Douglas case, it is apparent that there is a difference, so far as claimant's right to select her forum is concerned, between the jurisdiction of the federal court and the jurisdiction of the state court. 'There is nothing in the Act of Congress that purports to force a duty upon such courts as against an otherwise valid excuse.' Congress could not, and did not, enlarge the jurisdiction of the state courts. The jurisdiction of the

6. (1929) 279 U. S. 377, 387, 49 S. Ct. 355.
7. (1931) 52 Fed. (2d) 650.

state court is defined by the state which creates it. The most that Congress could do was to permit a state court to enforce the cause of action created by the federal act. Not being permitted to create a jurisdiction of the state court, it is needless to add that Congress did not, and could not, restrict the jurisdiction of a state court."

The learned judge then pointed out that prior to the enactment of the Federal Employers' Liability Act state courts of general jurisdiction entertained suits to enforce liability arising out of the negligent operation of railroads engaged in interstate, as well as intrastate, commerce, and that litigants in state courts were subject to the control of the courts of equity having jurisdiction of the person. And upon the basis of the foregoing Judge Evans reached the following conclusion, p. 655:

"It follows, therefore, that Congress, not having created nor restricted the jurisdiction of the state court over causes of action such as the one here under consideration, did not, and could not, deal with the power of one state court to enjoin, upon a proper showing, actions brought by and against citizens within its jurisdiction in the state courts of a sister state."

Judge Evans further distinguished the Shendel case, the Trapp case, and the Connelly case, on the ground that in those cases the courts were dealing with the power of a state statute or state court to control actions which had been brought, or which litigants were threatening to bring, in federal courts. The order of Judge Evans entered in the foregoing case was reviewed by the Circuit Court of Appeals of the Seventh Circuit and affirmed; but in the opinion affirming the order, found in (1931), 53 Fed. (2) 969, 971, it was declared that "Whether the power of the state court to restrain would extend to the commencement of such suits in any federal court is not here involved."

The proposition announced in *Douglas* v. *New Haven, supra,* and amplified and applied in *Ex Parte Crandall* furnishes a legal reason why a state court can enjoin one of its citizens from prosecuting a case arising under the Federal Employers' Liability Act in a court of another state even though the right of action attempted to be asserted is created by a federal law; and also clearly demonstrates the impotency of a state court to enjoin a plaintiff from suing in a federal court. Congress cannot create and define jurisdiction of state courts, but can authorize state courts to enforce a cause of action created by a federal act. Congress cannot confer upon a citizen of Indiana a federal right to prosecute a cause of action, arising in Indiana under a federal act, in a state court of Missouri; nor can Congress compel a Missouri state court to accept jurisdiction of a suit to enforce such a cause of action. Consequently when an Indiana state court enjoins a litigant within its jurisdiction from prosecuting a suit in a court of another state it is not restraining the litigant from the exercise of a federal right nor interfering with the exercise of a duty which is enjoined by federal law upon the foreign court. When an Indiana court thus exercises its equity power it does not deprive one within its jurisdiction of a legal right which is effective and assertable within the jurisdiction of Indiana. But Congress can, and by the provisions of the Federal Employers' Liability Act, as construed and applied by the Federal Courts, has conferred upon any person asserting a cause of action under such act a federal right to bring the action in a district court of the United States in the district in which the defendant may be doing business at the time of commencing such action; and has imposed upon such district court the duty of accepting jurisdiction of such action. Consequently when a state court, as in the instant case,

attempts to enjoin a litigant from prosecuting his cause of action, arising under the Federal Employers' Liability Act, in a district court of the district in which the defendant is doing business, such action, if effective, destroys a federal right of the litigant and obstructs the performance of a duty imposed by act of Congress upon a district court of the United States. This is beyond the power of a state court.

We quote with approval the following statement upon this question:[8]

"The contrary, however, is true where the action sought to be restrained is pending or is about to be commenced in a federal court of one of the districts wherein, by the express terms of the Liability Act, the plaintiff is entitled to maintain an action. The fact that the same or even stronger equitable circumstances exist as a basis for requiring the action to be brought elsewhere than in the court selected does not alter the fact that to enjoin the action in the federal court is to deny to the plaintiff a right expressly granted by federal statute."

Appellee has filed his motion to dismiss this appeal and for cause of dismissal recites certain conduct of the appellant, which appellee contends amounts to such a recognition of the injunction order as to preclude appellant from prosecuting this appeal. The facts relied upon by appellee are as follows:

(1) After the order of injunction was issued in the instant case appellant filed suit in the Federal District Court sitting in St. Louis, Missouri.

(2) The judge of the Probate Court then removed appellant as administratrix but with the condition that she would be reinstated if she should dismiss the suit within ten days.

(3) Appellant did dismiss the suit which was pend-

8. 2 Roberts' Federal Liabilities of Carriers 1856.

ing in the United States District Court in St. Louis and was reinstated as administratrix.

It is urged by appellee that the administratrix by reason of her dismissal of the suit in the United States District Court recognized the injunction judgment as binding upon her and that her reinstatement as administratrix amounted to an acceptance of a benefit of a part of the judgment.

It was the duty of appellant as injunction defendant to recognize the judgment and an appeal by the losing party is always a recognition of the binding force of a judgment of the trial court, unless and until such judgment is modified or reversed by a reviewing court. We can see no substance in the proposition that obedience to an order of injunction pending an appeal therefrom can be treated as a waiver of the right of appeal upon the ground that such obedience constitutes a recognition and acceptance of the judgment. The following statement of this court is relevant to the question (p. 499) :[9]

> "It has been held by this court, however, that payment of a judgment by a defendant does not estop him from prosecuting an appeal from such judgment. *Armes* v. *Chappel* (1867), 28 Ind. 469; *Dickensheets* v. *Kaufman* (1867), 29 Ind. 154; *Hill* v. *Starkweather* (1868), 30 Ind. 434; *Belton* v. *Smith* (1873), 45 Ind. 291; *Bruce* v. *Smith* (1873), 44 Ind. 1, 10; Ewbank's Manual, 163; Elliot, App. Proc., §§151, 152; 2 Cyc. Law and Proc. 647, note 58. Elliott, App. Proc., Sec. 152 says: 'It is obvious that there is an essential difference between one who pays a judgment against him and one who accepts payment of a sum awarded him by a judgment. Payment by a party against whom a judgment is rendered may often be necessary to protect his property from sacrifice, and what a party does to prevent the sacrifice of his property can not with any tinge of justice be held to preclude him from assailing the judgment'."

9. *Cleveland, etc., R. Co.* v. *Nowlin* (1904), 163 Ind. 497, 499, 72 N. E. 257.

Where a defendant was required by a decree of the trial court to convey real estate and did so, it was regarded that he had waived his right to appeal. The Supreme Court of the United States held otherwise, and we quote with approval and as pertinent to the point urged here the following from the opinion of the Supreme Court of the United States in the case of *O'Hara* v. *MacConnell* (p. 154) :[10]

"It is said that, after making the deed which the court ordered, the appellant is bound by it, and cannot now prosecute this appeal.

"The principle is unsound. The deed recites on its face that it is made under the order of the court. The parties must either have obeyed the order of the court, or taken an appeal and given a supersedeas bond in a sum so large that they were probably unable to do it.

" 'In no instance within our knowledge,' says the court, in *Erwin* v. *Lowry*, 7 How. 184, 'has an appeal or writ of error been dismissed on the assumption that a release of errors was implied from the fact that money or property had changed hands by force of the judgment or decree. If the judgment is reversed, it is the duty of the court to restore the parties to their rights'."

The acceptance of reinstatement was not the acceptance of a benefit under the injunction judgment. Her appointment, conditional removal and reinstatement were a part of a legal proceeding legally separate and independent of the injunction proceeding. The right of appeal belonged to the estate and appellant was not asserting it in her personal right or capacity.

The motion to dismiss is overruled.

We conclude that the Probate Court of Vanderburgh County was without power to enjoin the defendant from

---

10. (1876) 93 U. S. 150, 23 L. Ed. 840, 843.

bringing her cause of action in the United States District Court sitting in the city of Saint Louis in the State of Missouri, or in any other United States District Court in which, by the terms of the Federal Employers' Liability Act, the appellant, as administratrix, was authorized to institute suit.

The judgment of the Probate Court of Vanderburgh County is reversed with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Tremain, J., dissents.

### ON PETITION FOR REHEARING.

TREANOR, C. J.—We have considered appellee's petition for a rehearing and see no reason for changing our decision as announced in our opinion in this cause.

But appellee urges that our judgment and mandate go beyond the reasoning and conclusions in the opinion. It is appellee's contention that our judgment and mandate should have been limited to a reversal with instructions to the Vanderburgh Probate Court to modify its order of injunction by excluding from its operation the bringing of suit in any Federal District Court in which, by the terms of the Federal Employers' Liability Act, the appellant, as administratrix, was authorized to institute the suit involved in this case.

The discussion in our opinion is directed to appellant's proposition that the Vanderburgh Probate Court was without power to enjoin the filing of the suit in question in a Federal District Court sitting in St. Louis. This was adequate since, as stated in appellant's brief, the *uncontradicted evidence* was that appellant was threatening to file suit in "the Federal District Court sitting at Saint Louis," and that "Appellee was doing business in Saint Louis"; and there was no evidence that ap-

pellant was threatening to file suit in any court, state or federal, except the Federal District Court sitting in St. Louis, Missouri.

The evidence was sufficient, under the decision of this court in the case of *Kern* v. *The Cleveland, C. C. & St. L. Ry. Co.* (1933), 204 Ind. 595, 185 N. E. 446, to support an order enjoining the filing of the instant suit in the Federal District Court sitting in St. Louis, if the rules of law which were held to be applicable to the facts in the Kern case could be applied to the facts in this injunction suit. But we hold that the rules of law announced in the Kern case do not apply when the facts disclose that the action sought to be enjoined is about to be commenced in a Federal District Court of a district wherein the plaintiff, by the terms of the Federal Employers' Liability Act, is expressly authorized to file suit. Therefore, it follows that the decision of the court below insofar as it affects appellant's right to file her suit in the Federal District Court of St. Louis, was contrary to law. And since the plaintiff below did not introduce any evidence to support the conclusion that the defendant was intending to file a suit in any court other than the Federal District Court sitting in St. Louis, it follows that there was no evidence to support the decision of the trial court insofar as that decision held that the defendant below should be enjoined from instituting her suit in courts other than the Federal District Court in St. Louis.

In view of the foregoing we can not direct the trial court to modify its order in accordance with the suggestions of the appellee.

Appellant has requested only a reversal with directions to the trial court to grant her motion for a new trial. Clearly she was entitled to that. But since we hold that the Vanderburgh Probate Court is without power to enjoin the prosecu-

tion of appellant's suit in the Federal District Court at St. Louis, and since there was no evidence to show an intention to file suit in any other court, there is nothing to be gained by ordering a new trial. And although appellant has not requested a reversal with mandate to the trial court to enter judgment for her, this court can on its own motion so form the mandate.

Appellee's petition for rehearing is denied and this court upon its own motion modifies the mandate of the original opinion to read as follows: The judgment of the Vanderburgh Probate Court is reversed with instructions to that court to set aside its order and judgment of injunction and to enter judgment in favor of the defendant.

## DISSENTING OPINION.

TREMAIN, J., dissenting.—In dissenting from the majority opinion attention is called to the fact that David B. McConnell died a resident of Vanderburgh County, Indiana. At the time of his death he was in the employ of the appellee. His widow, the appellant herein, qualified as administratrix of his estate in the Vanderburgh Probate Court, which court, under the statute, was the only court authorized to qualify the administratrix. After qualification she filed an action in that court against the appellee for damages on account of the death of her husband. Thereafter, she dismissed that action and threatened to file an action in the Federal District Court in the city of Saint Louis, Missouri.

The action appealed from was filed by the appellee against the appellant in the probate court to restrain and enjoin her from filing suit in any county other than Vanderburgh or contiguous counties. Upon the hearing of that case the appellant offered no evidence and a judgment was rendered in favor of appellee. At the

time judgment was rendered no action was pending in the Federal District Court in Saint Louis, Missouri.

On appeal the appellant does not in any manner question the sufficiency of the facts upon which the judgment is based. For the purpose of this appeal it may be considered that the probate court was fully warranted in rendering judgment restraining the appellant insofar as the facts are concerned, which would justify such injunction. There is no controversy as to the sufficiency of the facts to sustain the judgment, nor is there a question that both appellant and appellee were residents of Vanderburgh County at the time the decedent met his death, at the time the action was filed, and at the time judgment was rendered. Likewise, there is no dispute that the appellee was doing business in the city of Saint Louis. After the injunction was granted by the probate court, the appellant filed an action in the Federal District Court in Saint Louis. She was cited for contempt of the probate court and removed from office. Afterwards, she appeared before the court and reported that she had dismissed her action in the Federal District Court in Saint Louis, and asked the court to reinstate her as administratrix of the estate. Upon her statement she was reinstated and perfected this appeal.

The prevailing opinion admits that a state court of equity in Indiana has the power to enjoin a citizen of the state from filing a suit in the state court of another state. The authorities which support this rule are as follows: *Kern* v. *C. C. C. & St. L. Ry. Co.* (1933), 204 Ind. 595, 185 N. E. 446; *N. Y., Chicago & St. L. R. R. Co.* v. *Meek* (1936), 210 Ind. 322, 1 N. E. (2d) 611; *C. C. C. & St. L. Ry. Co.* v. *Shelly* (1933), 96 Ind. App. 273, 170 N. E. 328; *N. Y., Chicago & St. L. R. R. Co.* v. *Perdiue* (1933), 97 Ind. App. 517, 187 N. E. 349; *Alspaugh* v. *N. Y. C. & St. L. R. R. Co.* (1934), 98 Ind. App. 280, 188 N. E. 869; *State ex rel. N. Y., Chicago*

& *St. L. R. R. Co.* v. *Nortoni* (1932), 331 Mo. 764, 55 S. W. (2d) 272, 85 A. L. R. 1345, annotated; *Reed's Adm'x.* v. *Ill. Central R. Co.* (1918), 182 Ky. 455, 206 S. W. 794; 14 R. C. L. 411, §§112 to 115.

The foregoing authorities, without question, recognize that a state court possesses equity power and jurisdiction over its own citizens to prevent the prosecution of an action, shown to be inequitable and unconscionable, in the courts of another state, even though no action is pending in the state court at the time to recover in the action restrained. The sole and only ground relied upon for a reversal of the action is that the Vanderburgh Probate Court did not possess equity power over a citizen of that county and an officer of that court to enjoin the maintenance of the action in the Federal District Court of Saint Louis, Missouri. As a basis for that assertion the opinion points out that the Federal Employers' Liability Act, 45 U. S. C. A. §51 et seq., authorizes the filing of a suit in the United States District Court in any one of three places: in the district of the residence of the defendant, in the district where the cause arose, and in the district where the defendant is doing business. If that were the only provision of the Act there would be more reason for the prevailing opinion, but the opinion overlooks another provision of that statute. Section 56 provides:

"The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several states, and no case arising under this chapter and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

The statute gives to the two courts concurrent jurisdiction.

It is the general rule that there is no authority in state courts to enjoin proceedings in the federal courts. But there are exceptions and limitations to this rule.

They rest upon the general doctrine that, as between courts of concurrent jurisdiction, the court which first obtains jurisdiction of the subject-matter and the parties, retains it to the exclusion of the other courts. Therefore, a state court, in a proper case, before an action is begun in a federal court, may prevent the commencement of such an action; and so, too, if a state court has obtained jurisdiction of the parties and subject-matter, and thereafter proceedings are begun in a federal court, the state court, in the protection of its own jurisdiction, may enjoin the parties from proceeding in the federal court.

In *The Home Insurance Company* v. *Howell* (1873), 24 N. J. Equity 238, this question is discussed by the learned chancellor. A suit was instituted in the state court of the State of New Jersey against a citizen of that state to enjoin the filing of an action upon insurance policies in the Circuit Court of the United States for the Northern District of Illinois. The action was filed in the state court before it was filed in the Circuit Court of the United States. It was held that the state court, having first obtained jurisdiction of the controversy over which the federal court in another state also had concurrent and coordinate jurisdiction, in its discretion will retain the jurisdiction until it is finally disposed of; that when a party is within the jurisdiction of the state court so that on a bill properly filed in the state court, it has jurisdiction of his person, although the subject-matter of the suit may be situated elsewhere, he may be enjoined from prosecuting the action in the federal court. This opinion establishes the rule that a state court may enjoin a resident from filing an action in a federal court of another district, the cause being then pending in the state court. The Indiana decisions go a step farther to hold that a state court of equity on sufficient showing will enjoin one of its citizens from

filing the action in a foreign jurisdiction even when no action is pending in the state court to recover in the action enjoined.

The rule is recognized in the late case of *Morrow* v. *Superior Court in and for Kings County* (1935), 9 Cal. App. (2d) 16, 48 P. (2d) 188. In that case the question of jurisdiction between the state and federal courts is involved. The court said (p. 22):

"Where a state court and a federal court have concurrent jurisdiction, the tribunal whose jurisdiction first attaches will be left to determine the controversy without interference from the other. *Thorpe* v. *Sampson* (C. C.), 84 F. 63; *Gamble* v. *San Diego* (C. C.), 79 F. 487; *In re Cohen*, 198 Cal. 221, 244 P. 359. In *Baltimore & O. R. Co.* v. *Wabash R. Co.* (C. C. A.), 119 F. 678, the court said: 'It is settled that, when a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted. *Harkrader* v. *Wadley*, 172 U. S. 148, 19 S. Ct. 119, 43 L. Ed. 399; *Farmers' Loan & Trust Co.* v. *Lake Street El. R. Co.*, 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667. . . . The rule is not only one of comity, to prevent unseemly conflicts between courts whose jurisdiction embraces the same subject and persons, but between state courts and those of the United States it is something more. "It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience." *Covell* v. *Heyman*, 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390. The rule is not limited to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all suits of a like nature. *Farmers' Loan & Trust Co.* v. *Lake Street El. R. Co., supra; Merritt* v. *American Steel Barge Co.*, 79 F. 228, 24 C. C. A. 530, 49 U. S. App. 85. The rule is limited to actions

·which deal either actually or potentially with specific property or objects.' "

The principle here contended for is fully discussed. *The Home Insurance Company* v. *Howell, supra,* is cited, together with many other authorities.

14 R. C. L. 419, §122, states the rule as follows:

"So a state court, in a proper case, before an action is begun in a federal court, may prevent the commencement of such an action; and so, too, if a state court has obtained jurisdiction of the parties and subject-matter, and thereafter proceedings are begun in a federal court, the state court, in the protection of its own jurisdiction, may enjoin the parties from proceeding further in the federal court."

Many authorities are cited to sustain the text.

In deciding the question presented in this appeal this court should not be unmindful of all the conditions confronting the Vanderburgh Probate Court at the time judgment was rendered. Especially should it not be overlooked that it is conceded that the facts were ample to justify the entry of the judgment. It is clear from the prevailing opinion that if the judgment had been one to enjoin the appellant from filing her action in a state court of another jurisdiction, no question would be made against the judgment. Apparently the holding of the majority of the court looks upon the fact, and that fact alone, that the suit is proposed to be filed in a federal court of another jurisdiction instead of a state court as controlling and limiting the equity powers of the Vanderburgh Probate Court.

*Chicago, M. & St. P. Ry. Co.* v. *Schendel* (1923), 292 F. 326, strongly relied upon in the prevailing opinion, is not in point upon the question involved in the appeal. That was a case where the state court under a state statute was attempting to interfere with and limit the jurisdiction of the federal court, which proposed to proceed according to an act of the Congress contrary to the

legislative act of the state. The question of concurrent jurisdiction of the two courts is not involved.

Under the Federal Employers' Liability Act a citizen is authorized to choose his own court. He may file the action in either a state or federal court, because both of these courts are given original, concurrent jurisdiction. One court cannot enjoin the other from taking cognizance of an action under that Act. That was the error in the Schendel case, *supra.* The state court undertook to restrain the federal court, a thing it could not do.

Also, in *Connelly* v. *Central R. Co. of New Jersey* (1916), (D. C.), 238 F. 932, and *Trapp* v. *Baltimore & O. R. Co.* (1922), (D. C.), 283 F. 655, relied upon in the prevailing opinion, we find the same situation existing. The state courts assumed the authority to limit the jurisdiction of the federal courts. No such authority is asserted or relied upon in upholding the judgment of the Vanderburgh Probate Court. The question discussed in those cases is entirely distinct from the question involved in this appeal. There is no attempt upon the part of the probate court to say to the Distirct Court of Saint Louis what it shall or shall not do. The probate court was exercising jurisdiction over one of its citizens, not only a citizen of the county but an officer of the court—an administratrix appointed by the probate court to administer the estate of David B. McConnell—the only court authorized by statute to administer that estate. In the case at bar the state court is not attempting, pursuant to a state law, to interfere with federal jurisdiction. No conflict of jurisdiction between the two courts is involved. There is no question of transfer from one court to the other, but the sole question is one of the right of the Vanderburgh Probate Court to exercise its equity power over a citizen of its county and an officer of that court.

When Section 56 of the Federal Employers' Liability Act declared in no uncertain terms that the jurisdiction of the federal court was coordinate and concurrent with that of the state court, neither court is superior to the other insofar as jurisdiction of matters involved under that act is concerned. The probate court first assumed jurisdiction of the administration of the estate and entered the injunction herein appealed from before the action was filed in the Federal District Court in Saint Louis. Under the decisions of this court, cited above, it is not a pending action that gives the equity court jurisdiction over the citizens of this state. It is the presence and residence of the citizen within the court's jurisdiction.

The probate court committed no error in limiting the proposed action of the appellant to Vanderburgh and contiguous counties. This court takes judicial notice of the fact that, located in Vanderburgh County, there are four courts possessing jurisdiction to try appellant's cause of action, to wit: the Vanderburgh Probate Court, Superior Court, Circuit Court, and the United States District Court for the Southern District of Indiana.

On the uncontested showing that the parties to the action and all the witnesses resided in that county and vicinity, the probate court was justified, and, indeed, it was its duty to enjoin the maintenance of the action in a court far remote from the scene of the cause of the action. I cannot accept the rule that a state court of equity may enjoin a citizen from filing an action (not then pending) in a court of another state, but cannot enjoin the same citizen from filing the same action in a federal court of another district.

In my opinion the petition for a rehearing should be granted, and the judgment of the Vanderburgh Probate Court be affirmed.