## The Baltimore & Ohio R. R. Co. v. Crosby

*Bernard M. Savage* and *W. Brown Higbee,* for plaintiff.
*McDonald & McDonald,* for defendant.

DUMBAULD, P. J., January 29, 1940.—We have come to the conclusion that defendant's motion must be sustained. Perhaps it would be proper to give from the bench some reasons impelling us to that conclusion.

The pleadings and the testimony disclose that defendant in this equity proceeding is plaintiff in an action brought on November 29, 1939, in the District Court of the United States for the Eastern District of New York. In that action, plaintiff declares under the terms of an act of Congress commonly referred to as the Employers' Liability Act of April 22, 1908, 35 Stat. at L. 65, as amended by the Act of August 11, 1939, 53 Stat. at L. 1404, relying upon sections 51 and the succeeding sections of that act.

Following entry of the suit in the district court of New York, defendant in that suit, plaintiff here, filed an affidavit of defense and, at a date earlier than the date on which the bill was filed here, took a deposition for use in the case in the district court.

It thus appears as a fact that, when the bill was filed here, the District Court for the Eastern District of New York had already acquired jurisdiction of the parties and the subject matter of the litigation involved in that suit. Having jurisdiction of the parties and having jurisdiction of the subject matter, and it being a place where concededly defendant in this action, plaintiff in that, had a right to begin his action in trespass, we are of the opinion that, even though we had jurisdiction to restrain the prosecution of the action in that forum by defendant here, the rule of comity that exists between State courts and Federal courts would prevent our interfering with the jurisdiction of the district court of New York.

A fair consideration of that subject and an examination of the authorities that bear upon it would seem to make that ruling imperative.

It has been the practice, at all times, for the courts of one jurisdiction to give full force and effect to the acts and decisions of the courts of another jurisdiction, and

it has likewise been the rule that, where one court has full jurisdiction of the subject matter and the parties, another court will not interfere with the jurisdiction that first attached.

Any other ruling or any other practice would disturb the comity that must be maintained between courts if we are not to have a situation where one injunction may be piled upon another injunction; that is, the injunction of one court may restrain a proceeding in the other, to be followed by a restraining order from the other court. So that, relying upon the decision in such cases as Central National Bank v. Stevens, 169 U. S. 432, and Thompson, Trustee, et al. v. FitzGerald et al., 329 Pa. 497, later affirmed by the Supreme Court of the United States, in 305 U. S. 456, we conclude, without regard to the right of this State court to enjoin a citizen of this State from proceeding with an action brought by him in a Federal court, that under the facts as here disclosed, showing that the Federal court first took jurisdiction and that defendant submitted itself to that jurisdiction, we are bound by the rule of comity to regard that jurisdiction as final for the purposes of a decision of that case.

That makes it really unnecessary for us to consider the sufficiency of the testimony that has been introduced to enlighten the court as to the grievance to which plaintiff here may be subjected in case relief is denied. Neither does it require us to determine abstractly whether we, under any circumstances, have the right to restrain a citizen of Pennsylvania from proceeding to prosecute an employer's liability case in a Federal court.

If we had to base our decision upon that point, it would be to the effect that a State court may not restrain a citizen of the State and also a citizen of the United States from exercising his right to proceed in the Federal court, under sections 51 and following of the Employers' Liability Act, supra. That act gives to the injured employe the right to enforce a cause of action:

(*a*) In the district of the residence of defendant;

(*b*) In the district in which the cause of action arose;

(*c*) In the district in which defendant shall be doing business at the time of commencing such action.

See section 6, as amended by the Act of 1939, supra, 45 USC §56, et seq.

The opinion of the chancellor is that this act of Congress confers upon a citizen of the United States a right that the State may not take away from him. That statute, in express terms, permits a citizen to bring the action in any Federal district where defendant in the action is doing business.

The act gives to the State courts concurrent jurisdiction to impose the terms that are contained and implied in the act of Congress, but the act of Congress does not give to the State any right, either in pursuance of its public policy to avoid "ambulance chasing" or in pursuance of a statutory policy, the purpose of which would be to check the bringing of actions where it might appear that they were brought for the purpose of harassing the party defendant, to restrain a citizen of the United States from pursuing his statutory remedy. Relief from that sort of situation, in our judgment, must be sought by an appeal to Congress, rather than an appeal to the State courts. We are of the opinion that the right granted by that act of Congress to bring the action in the district where defendant does business, which may be elected by plaintiff, is such a right as cannot be abridged or limited by either the legal or the equitable powers of the State court.

By that, I mean that in exercising the public policy of the State any act of the State, either by legislature or court, that would tend to abridge the right to proceed according to the act of Congress in the district chosen by plaintiff in such action would be an unconstitutional abridgement of the privileges that are conferred upon a citizen of the United States by the act of Congress.

The concurrent jurisdiction of the State court and the Federal court, as we understand it, means that the plain-

tiff in such an action could not be prohibited from beginning his action in any of the courts that would have jurisdiction, but the pursuit of the remedy that is sought to be enforced would be complete when one of the concurrent jurisdictions would reach an enforcible judgment in the action.

The views that we have upon the subject are more clearly expressed, perhaps, in the decision of the Supreme Court of the State of Indiana, in the case of McConnell, Admx., etc., v. Thomson, Trustee, etc., 213 Ind. 16, 11 N. E. (2d) 183, 113 A. L. R. 1429 (1937).

The first paragraph of the syllabus in that case in 113 A. L. R. 1429 is in this language:

"A state court cannot in the exercise of its equity powers enjoin a citizen of the state from bringing an action in a Federal court upon a cause of action arising under the Employers' Liability Act, when the Federal court in question is one whose jurisdiction such citizen is authorized to invoke by the express provisions of that act."

The second paragraph of the syllabus is:

"A state court may enjoin one of its citizens from prosecuting a case arising under the Federal Employers' Liability Act in a court of another state notwithstanding that the right of action is created by a Federal law."

It will be noted there that a distinction exists, at least as this court interprets the law, between restraint of an action in the State court and restraint of an action in a Federal court. That question is very lucidly discussed in the opinion of Treanor, J., in the same case in 8 N. E. (2) 986, 987.

"The assignment of errors presents a single proposition which is stated by appellant as follows:

' "The court having been asked to enjoin the filing and prosecution by appellant of a suit under the Federal Employers' Liability Act in any court other than the courts sitting in Vanderburgh County and its contiguous counties, and the uncontradicted evidence showing that appel-

lant asserted a cause of action under said act and proposed to file such suit in the Federal District Court sitting at St. Louis, Missouri, and that appellee was doing business in St. Louis, the finding and decision of the court in favor of appellee and its decree so enjoining appellant were not supported by the evidence, contrary to law and erroneous, and its ruling overruling appellant's motion for new trial was likewise erroneous." '

Now, after a discussion of a large number of cases that are cited for the purpose of distinction, as well as with approval, we come to the point where he discusses the distinction between restraining a citizen from proceeding in a State court and restraining a citizen from proceeding in a Federal court (p. 991):

"The proposition announced in Douglas v. New York, New Haven R. Co., supra, and amplified and applied in Ex parte Crandall furnishes a legal reason why a state court can enjoin one of its citizens from prosecuting a case arising under the Federal Employers' Liability Act in a court of another state even though the right of action attempted to be asserted is created by a federal law; and also clearly demonstrates the impotency of a state court to enjoin a plaintiff from suing in a federal court. Congress cannot create and define jurisdiction of state courts, but can authorize state courts to enforce a cause of action created by a federal act. Congress cannot confer upon a citizen of Indiana a federal right to prosecute a cause of action arising in Indiana under a federal act in a state court of Missouri; nor can Congress compel a Missouri state court to accept jurisdiction of a suit to enforce such a cause of action. Consequently when an Indiana state court enjoins a litigant within its jurisdiction from prosecuting a suit in a court of another state it is not restraining the litigant from the exercise of a federal right nor interfering with the exercise of a duty which is enjoined by federal law upon the foreign court. When an Indiana court thus exercises its equity power, it does not deprive one within its jurisdiction of a legal right which is effec-

tive and assertable within the jurisdiction of Indiana. But Congress can, and by the provisions of the Federal Employers' Liability Act, as construed and applied by the federal courts, has conferred upon any person asserting a cause of action under such act a federal right to bring the action in a District Court of the United States in the district in which the defendant may be doing business at the time of commencing such action; and has imposed upon such District Court the duty of accepting jurisdiction of such action. Consequently when a state court, as in the instant case, attempts to enjoin a litigant from prosecuting his cause of action, arising under the Federal Employers' Liability Act . . . in which the defendant is doing business, such action, if effective, destroys a federal right of the litigant and obstructs the performance of a duty imposed by act of Congress upon a District Court of the United States. This is beyond the power of a state court.

"We quote with approval the following statement upon this question: 'The contrary, however, is true where the action sought to be restrained is pending or is about to be commenced in a Federal Court of one of the Districts wherein, by the express terms of the Liability Act, the plaintiff is entitled to maintain an action. The fact that the same or even stronger equitable circumstances exist as a basis for requiring the action to be brought elsewhere than in the court selected does not alter the fact that to enjoin the action in the Federal Court is to deny to the plaintiff a right expressly granted by federal statute.'"

It seems to me that a fair consideration of the entire course of jurisprudence on this question of concurrent jurisdiction and comity between jurisdictions requires us to accept the reasoning that Judge Treanor adduces in this opinion.

Tremain, J., one of the judges of the Supreme Court of Indiana, dissented, but based his dissent upon the fact that the Federal court had already taken jurisdiction

when the restraining order was made by the State court, so that the very argument that is produced by Tremain, J., in his dissenting opinion is negatived by the facts that are present in this case.

Having thus concluded that we are without jurisdiction to make the order that is asked of us by the prayer of this bill in equity, we deem it unnecessary to consider the sufficiency of the testimony that plaintiff has produced to move us to grant the relief, if we had the power.

We are thus constrained, relying particularly upon the authority from which we have quoted, and also somewhat reinforced in that view by the opinion of Judge Long in the case of Baltimore & Ohio Railroad Company v. Brennan, in the Common Pleas of Jefferson County, to sustain defendant's motion. There, after a very extensive and illuminating discussion, Judge Long includes in his conclusions of law the following:

"21. Under the provisions of the Federal Employers' Liability Act, defendant, William J. Brennan, had the absolute right to institute his action in the United States District Court for the Eastern District of New York."

"22. That the action of defendant, William J. Brennan, in the United States District Court for the Eastern District of New York, is predicated upon a positive statutory remedy and is in conformity with its express provisions."

The twenty-ninth—the one that we referred to particularly as reinforcing our conclusion—is:

"This court cannot enjoin any party from prosecuting an action already commenced in a United States District Court."

If there is a disposition on the part of plaintiff to prosecute an appeal from the order that we make, the chancellor will file an adjudication with findings of fact, discussion, conclusions of law, and a decree.

For the present we sustain the motion of defendant, dismissing plaintiff's bill, and at its cost.