THE BALTIMORE & OHIO RD. CO., APPELLANT, *v.* INLOW, APPELLEE.

(Decided February 7, 1940.)

*Mr. James I. Boulger,* for appellant.
*Mr. Leo G. Hanna* and *Mr. Paul T. Key,* for appellee.

GEIGER, J. This matter is before this court on appeal, on questions of law, by The Baltimore & Ohio Railroad Company from a judgment entered in the Court of Common Pleas of Franklin county under date of September 6, 1939.

Inasmuch as there are two suits pending between the parties which might lead to confusion if we designated them as plaintiff and defendant, we will designate the plaintiff in this case as the railroad company and use the surname of the defendant as occasion requires.

In March, 1939, Inlow, a resident of Columbus, Ohio, began an action in the District Court of the United States for the Northern District of Indiana against the railroad company, seeking to recover for damages alleged to have been sustained at Columbus, Ohio, while in the employ of the railroad company as a switchman. Recovery is sought under the provisions

of the Federal Employers' Liability Act. That act, Title 45, Section 51 *et seq.*, U. S. Code, authorizes any person who seeks to enforce a cause of action to prosecute the suit in the United States District Court in any one of the following jurisdictions:

(a) "In the district [court] of the residence of the defendant," which is Baltimore, Maryland.

(b) "[In the district] in which the cause of action arose," which is in the Southern District of Ohio, Eastern Division.

(c) "[In the district] in which the defendant shall be doing business at the time of commencing such action," which would cover any district in which the railroad was being operated. Inlow filed his action in the United States District Court for the Northern District of Indiana.

On March 28, 1939, the railroad company filed an action in the Court of Common Pleas of Franklin county, Ohio, against Inlow and in the petition alleged that it was organized under the laws of Maryland, operates a railroad within and without the state of Ohio, and maintains offices in various places within the state and is amenable to service of summons in any action that may be brought against it in the county of Franklin; that Inlow is a resident of the city of Columbus, and that in March, 1939, Inlow commenced an action in the District Court of the United States for the Northern District of Indiana against the railroad company, seeking to recover damages for an injury sustained in the city of Columbus while in the employ of the company as a switchman; that Inlow averred in his petition that both he and the company were at the time engaged in interstate commerce, and that the company had violated the provisions of the Federal Employers' Liability Act. The railroad company alleged that it could have been required to answer any action against it in the courts of the state of Ohio,

and that the same could be tried in Ohio with reasonable dispatch.

The railroad company alleged that it has numerous witnesses necessary and material for a proper defense, all of whom, with one exception, reside in Columbus; that if it is required to defend the action in the state of Indiana it will not be able to compel the attendance of any of its witnesses and will be under great disability in the Indiana court; that in view of the action brought by Inlow in the state of Indiana, and because of the variety of the testimony which may be offered, it is of vital importance that its witnesses be present in person and that it be not required to depend upon deposition, and that for such reasons it would suffer great disadvantage in the trial of the cause in Indiana; that it knows of no witness, either on the part of itself or Inlow, who resides in the state of Indiana; and that if it is compelled to try the cause in Indiana it will be put to inconvenience and expense as described.

The railroad company says that Inlow commenced his action in Indiana to embarass the company and to obtain an unjust and unfair advantage over it by imposing undue hardship upon it and by obstructing interstate commerce with the result that the company will be grievously injured.

The railroad company prays that Inlow may be enjoined from maintaining or in any wise engaging in the prosecution of the suit in Indiana in which he seeks to recover personal injuries, and that upon final hearing the injunction be made permanent.

A temporary injunction was allowed. Afterwards a motion was made to dissolve the temporary injunction and to dismiss the petition. This motion was sustained, and it appearing that the plaintiff did not desire to plead further, it was ordered that the temporary injunction be dissolved and that the defendant go hence without day. To this final order a notice of

appeal to the Court of Appeals was duly filed, the same being on questions of law.

By agreement of counsel the motion to dismiss the petition on the ground that it did not state facts sufficient to state a cause of action was treated as a demurrer.

One question presented involves a consideration as to the power of a court of equity to enjoin a citizen of the state of Ohio from prosecuting an action under the Federal Employers Liability Act in the Federal District Court of Indiana. The second question is: Does the petition state facts sufficient to justify an exercise of that power, if the court has it? There is no question as to the venue of the action in Indiana.

Counsel for the railroad company present as an assignment of error that the court erred in dissolving the temporary injunction and dismissing the action on the ground that it did not state facts sufficient to show a cause of action, and as subdivisions of the first assignment of error it is asserted (a) that a court of equity has the power to enjoin a person personally before it from prosecuting a suit in another state; (b) that a court of equity has the power to enjoin proceedings brought in a foreign state under the Federal Employers Liability Act, and that the petition states facts sufficient to require the issuance of an injunction; and (c) that the decision shows that a distinction was sought to be created, where none exists, between the enjoining of an action under the federal act in a federal court and in a state court.

In its decision the court below arrived at the conclusion that the injunction should be dissolved upon the authority of *McConnell, Admx., v. Thomson, Trustee,* 213 Ind., 16, 8 N. E. (2d), 986, and other authorities cited by counsel. The court also found that the case of *Bryant* v. *Atlantic Coast Line Co.,* 92 F. (2d), 569, is not decisive of the question. Inlow, in answer to the first assignment of error, asserts that the court did

not err in dissolving the injunction and dismissing the action on the ground that the petition did not state facts sufficient to show a cause of action, and, further, (a) admits that a court of equity under certain circumstances has power to enjoin a person properly before it from prosecuting a suit in another state; (b) admits that a state court, according to some authorities, has power to enjoin a person properly before it from prosecuting a suit in another state even though such suit is brought pursuant to the Federal Employers' Liability Act; and (c) avers that state courts will not enjoin suits in federal courts, nor will federal courts enjoin suits in state courts unless it is necessary to protect the jurisdiction of the court first acquiring control of the parties and the subject-matter, and that this rule prevails in cases involving the liability act, even though there be a strong showing of inconvenience to the party seeking injunctive relief.

This whole proceeding involves only the questions (a) as to whether the court has *power* to enjoin a plaintiff personally before the court from bringing an action under the Federal Employers' Liability Act in a state foreign to the residence of the plaintiff and foreign to the place where the accident occurred; and (b) as to whether the petition states facts sufficient to show a cause of action. Counsel for both sides have furnished very interesting briefs, which the court has read with care, and have cited many cases, most of which the court has examined.

The case of *McConnell* v. *Thomson, supra,* is interesting and was relied upon by the court below. After a study of the cases cited and of the argument of counsel, we arrive at the conclusion that, inasmuch as Congress has provided that one seeking recovery under the Federal Employers' Liability Act has three choices of the forum in which he may bring his suit, to wit, (a) the district of the residence of the defendant, (b) the district in which the cause arose, and (c)

the district in which the defendant is doing business, this right to choose thus granted by Congress, should not be denied to the injured workman unless the suit brought by the workman imposes an unusual hardship upon the employer. As stated in 14 Ruling Case Law, 412, 413, Section 113, ''The general rule, therefore, is, that where a party is within the jurisdiction of the court, he may, on a proper showing, be enjoined from prosecuting an action in a court of another state. The question, however, as to when this jurisdiction may be exercised is often one of great delicacy, owing to the fact that it may frequently lead to a conflict of jurisdiction. Hence, the power is used sparingly, and the petitioner must show good equitable grounds, or the injunction will not issue.''

There is a distinction between an injunction against the proceedings of a court in another state and the power of a court to restrain the personal actions of a citizen.

It must be conceded that if the action of the workman in this case is a clear invasion of the rights of the company and works a great hardship upon it, that the local court would have authority to enjoin the prosecution of the action in the foreign jurisdiction, but this hardship and invasion of rights must be substantial. There is a clear provision of the federal statute giving to the workman the right to choose his own forum. When Congress gave to the workman the right to select any one of three jurisdictions in which to bring his action, it clearly had under contemplation the fact that the right to bring an action in the district in which the defendant shall be doing business might involve the trial at a point remote from the place of accident or of the residence of necessary witnesses. For example, The Baltimore & Ohio Railroad Company, the defendant in the Indiana court, has a total trackage of over 16,000 miles, some double. The main line extends from New York through Philadelphia,

Baltimore, Washington, Cincinnati, to Saint Louis, and the more northerly route extends from Cumberland, Maryland, to Chicago. The city of Chicago is the terminus of many extensive railroads extending in all directions. The total mileage of many of such railroads exceeds that of The Baltimore & Ohio and is many times in excess of the distance between Columbus, Ohio, and the northern district of Indiana where the suit is brought.

If the court in which the suit is brought finds upon proper application that the defendant is improperly harassed, it may take appropriate action to protect its interests, having jurisdiction both of the parties and of the cause of action. The railroad company has a right to resort to that forum for protection against any unjust or unfair advantage sought by Inlow, by bringing the action remote from Columbus. If Congress had regarded the selection by the injured workman, of a remote forum, as working a hardship upon the company, it could have provided against such hardship by appropriate reservation.

Congress having disregarded the inconvenience incident to a remote forum, it would not be proper for this court to say that the inconvenience alleged in the petition furnishes a good cause to deny the statutory right of the workman to select the place of trial.

We arrive at the conclusion that inasmuch as Congress under the federal act has granted the workman a choice of the forum, the state court has no power to enjoin the workman from exercising this right for any but the most substantial reasons. We also arrive at the conclusion that the facts stated in the petition are not sufficient upon which to base an injunction against the injured employee.

Since writing the foregoing, our attention has been directed to the case of *New York, Chicago & St. Louis Rd. Co.* v. *Matzinger,* 136 Ohio St., 271, 25 N. E. (2d), 349, decided February 7, 1940, the same day on which

we decided this case. That case was decided on the facts presented after trial; this on demurrer. It might well be that if there had been a trial in this case, facts might have developed that would have made the *Matzinger case* of compelling authority. An amended petition might have produced the same situation.

The judgment of the court below is affirmed.

*Judgment affirmed.*

Hornbeck, P. J., and Barnes, J., concur.