KERN ET AL. *v.* THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY ET AL.

[No. 26,003. Filed April 28, 1933.]

*James W. Noel, Hubert Hickam, Alan W. Boyd,* and *Robert D. Armstrong,* for appellants.

*Frank L. Littleton, Forrest Chenoweth, H. N. Quigley, S. W. Baxter,* and *C. P. Stewart,* for appellee.

HUGHES, J.—This was an action by the appellee, The Cleveland, Cincinnati, Chicago & St. Louis Railway Company, against the appellants, Emma F. Kern, as administratrix of the estate of George Kern, deceased, and some ten or more other defendants, to enjoin them from maintaining and assisting in the maintenance of a suit brought against appellee in the Circuit Court of St. Louis, Missouri, by Emma F. Kern as administratrix of the estate of George Kern, deceased, to recover damages for the death of said George Kern and to enjoin

said appellants from maintaining and assisting in the maintenance of any action against said railway company for the death of said George Kern except in the State of Indiana, and to enjoin appellees other than the said railway company from giving testimony as witnesses or in any other way assisting in the maintenance of said action brought in the Circuit Court of St. Louis.

An application for temporary injunction was made by the railway company upon notice, a hearing was had thereon and a temporary injunction granted as prayed, from which this appeal is taken.

The complaint alleged, among other things, that the plaintiff is a steam railroad corporation organized under the laws of Ohio and Indiana, and owns lines of railway in the states of Ohio, Indiana, Michigan and Illinois, and under contracts with other railroads operates trains into Louisville, Kentucky, and St. Louis, Missouri. That it owns and operates six lines of railroads running into the city of Indianapolis, Marion County, Indiana, and owns and operates lines of steam railroads in thirty-nine other counties of Indiana, including all of the counties adjoining Marion County, except Hamilton County. That it owns and operates large shops and yards in the city of Indianapolis, Indiana, in which yards it has many tracks and where it breaks and makes up trains in its operation in and through the city of Indianapolis, that the appellant, Emma F. Kern, and her intestate, George Kern, had been citizens and residents of the city of Indianapolis for more than thirty years prior to the time this action was brought and that the said Emma F. Kern was such a citizen at the time the action was brought and that her intestate, George Kern, had been employed by the appellee railway company for more than thirty years as an engineer operating trains between Indianapolis and Cincinnati, and that

appellant and her intestate had lived and she now lives within three miles of the court house of Marion County, Indiana. That appellant's intestate, George Kern, received injuries, which resulted in death, while operating a train near Acton, Marion County, Indiana, and that suit for such death was brought in the Circuit Court of the city of St. Louis, Missouri. That there were six courts of competent jurisdiction in Marion County, Indiana, in which appellant may have sued for damages for the death of her intestate and one or more courts of competent jurisdiction in each of the other thirty-nine counties of Indiana in which said railway company operates. That all of the witnesses for the appellee, some twenty or twenty-five, reside in the city of Indianapolis, or in Marion County, Indiana, and that it would be an unreasonable burden on the appellee and its interstate and intrastate commerce to take, or attempt to take, such witnesses and its records to the city of St. Louis, to defend the case so brought by the appellant, and the appellee could not with reasonable certainty tell when said cause would be tried and that it could not in advance of such trial tell what witnesses would be competent of rebuttal, and that all such burdens could be avoided if such suit were brought and tried in Marion County or some other nearby Indiana county, that the appellee would be deprived of the right to have the jury inspect the premises where the cause of action arose and that the defense of such suit in the State of Missouri will subject the appellee to great inconvenience, expense, hardship, injury and damage and will give the appellant an inequitable, unjust and unconscionable advantage over appellee.

It is not the theory of the appellee's complaint that the circuit court of the city of St. Louis, Missouri, does not have jurisdiction of the subject matter involved in the suit brought in that court by the appellant. The

theory of the complaint, as stated by appellee, is that a person suing under the Federal Employers' Liability Act does not have an absolute right to sue in any court which may have jurisdiction of the subject-matter, but that such a suit may not be maintained in a foreign state, different from that in which the parties reside, where the maintenance and defense of such suit in such foreign state would be unjust and inequitable and would impose an unreasonable, unjust and unconscionable burden upon the defendant.

The error relied upon for reversal is as follows: The court erred in granting the temporary injunction.

This is an action for a temporary injunction and the trial court has large discretionary powers in determining whether or not a temporary injunction should be granted in a given case. Unless there has been an abuse of that discretion the trial court's finding will not be interfered with on appeal. *Spicer* v. *Hoop*, 51 Ind. 365; *Peoples Gas Co.* v. *Tyner* (1875), 131 Ind. 277, 31 N. E. 59; *Gagnon* v. *French Lick Springs Hotel Co.* (1904), 163 Ind. 687, 72 N. E. 849, 14 R. C. L. 312.

The questions involved in the instant case have been passed upon by the Appellate Court of this state in the case of *Cleveland, C., C. & St. L. Ry. Co.* v. *Shelley* (1933), 96 Ind. App. 273, 170 N. E. 328. The complaint in that case is practically the same as the one under consideration. The Marion Circuit Court sustained a demurrer to the complaint in that case and on appeal the Appellate Court reversed the lower court. There was a petition by the appellee to transfer the cause to the Supreme Court and, after a careful consideration of the petition to transfer, the Supreme Court denied the transfer and, therefore, it appears that the questions raised in the instant case have been decided and settled adversely to the contention of the appellant.

In view of the decision of the Shelley case, *supra*, by the Appellate Court of this state and the denial of the petition to transfer by the Supreme Court, we deem it unnecessary to write an extended opinion in this case. The reasoning of the Appellate Court in the Shelley case is sound and we adhere to that in the instant case. Many cases are cited which thoroughly sustain the conclusion reached by the Appellate Court. The decisions of the different courts of the land on the questions involved in the instant case are not in complete harmony, but the weight of authority, as we find it, is to the effect that a court of equity, upon a proper showing, has authority to restrain persons within its jurisdiction from proceeding in suits in the courts of other states when it would subject such defendant to great hardship, inconvenience and expense to defend such actions in a foreign state. 32 Corp. Jur. p. 115, 14 R. C. L. 411, and many other cases cited.

It has also been decided in many cases that the Federal Employers' Liability Act does not give an absolute right to sue in the courts of any state where jurisdiction may be obtained over a defendant, and that the right and power of state courts to enjoin their citizens from suing in a foreign state on causes of action not arising in such foreign state is not destroyed by said act. *Chicago R. Co.* v. *McGinley* (1922), 175 Wis. 565, 185 N. W. 218; *Reed's Adm.* v. *Illinois Central R. Co.* (1918), 182 Ky. 455, 206 S. W. 794; *Michigan Central R. Co.* v. *Mix* (1928), 278 U. S. 492; *Davis* v. *Farmers Co-op. Co.* (1922), 262 U. S. 312; *Douglas* v. *New York R. Co.* (1928), 279 U. S. 377.

In our judgment the case of *Reed's Adm.* v. *Ill. Central R. Co.* (1918), 182 Ky. 455, 206 S. W. 794, which is cited and quoted in the Shelley case, *supra,* is an outstanding case upon the questions involved in the instant

case, and very similar to the facts in the case at bar. In that case the court said: "It may be stated that the principle that the courts of one state have the power to enjoin a citizen of that state from prosecuting in the courts of another state a suit against one of its citizens is probably as well settled by the great weight of authority as any question involving the power and jurisdiction of courts could be, although there is much difference of opinion as to the grounds on which this power and jurisdiction should be rested, the prevailing opinion being that each case in which this question is presented must be determined by the facts of the particular case." On this proposition many cases are cited and one of them being the case of *Cole* v. *Cunningham* (1889), 133 U. S. 107, 33 Law Ed. 538. The Supreme Court of the United States in this case said, in upholding the jurisdiction of the Massachusetts court to restrain a citizen of that state from prosecuting a suit against another citizen of that state in a New York court, that, "It is now held that whenever the parties are resident within a country, the courts of that country have full authority to act upon them personally with respect to the subjects of suits in a foreign country, as the ends of justice may require; and, with that view, to order them to take, or to omit to take, any steps and proceedings in any other court of justice, whether in the same country or in any foreign country. . . . Such is undoubtedly the result of the clear weight of authority, and the rule has been often applied by the courts of the domicile against the attempts of some of its citizens to defeat the operations of its laws to the wrong and injury of others."

In addition to the case of *C., C., C. & St. L. R. Co.* v. *Shelley, supra,* we are not without other authorities in this state sustaining the foregoing statements of law. In the case of *Sandoze* v. *The Studebaker Co.* (1895),

142 Ind. 148, pp. 156-157, 41 N. E. 380, the court said:
"As long as a citizen belongs to a state he owes it obedi-
ence, and, as between states, the state in which he is
domiciled has jurisdiction over his person and his per-
sonal relations to other citizens of the state. That a
citizen of a state, under showing of sufficient facts, can
be enjoined from commencing or prosecuting a suit
against his fellow citizens in the courts of another state,
is an equitable rule, recognized and enforced by this
court and many others. This rule seems to be sustained
by the clear weight of authority in this country. It is
declared in the decision that the court, in the exercise of
this authority, does not proceed upon any claim of right
to control or stay proceedings in the courts of another
state or country, but upon the grounds that the person
against whom the restraining order is issued resides
within the jurisdiction and within the power of the re-
straining court. The court issuing the writ does not
pretend to direct or control the one in the foreign state,
but without regard to the subject-matter of the dispute
it considers the equities between the parties and decrees
in personam according to these equities and enforces
obedience to its decree."

What are the equities between the parties in this
case? The facts show that George Kern, husband of
appellant, was killed while working for appel-
lee near the town of Acton in Marion County,
Indiana; that during his life he and his wife, the
appellant, had lived in Indianapolis for more than 30
years within a few miles of the court house of Marion
County; that the appellant as administratrix of the es-
tate of her husband, George Kern, brought a suit
against appellee in the circuit court of St. Louis, Mis-
souri for $95,000 damages; that there are from twenty
to twenty-five witnesses who would be competent wit-
nesses for appellee company; that all of said witnesses

live in Marion County and practically all of them are employees of appellee railway company; that if appellee is compelled to defend the suit in St. Louis it will not be able to compel the attendance of said witnesses; that it would have to take said witnesses from their regular work and that the business of the railroad and interstate commerce would be unreasonably burdened and delayed thereby; that it would cause unreasonable expense to the railway company and that it would suffer disadvantages if compelled to rely on depositions.

Under the foregoing facts and circumstances what reason can be assigned either in equity or law to permit the appellant to maintain her suit in St. Louis? The courts of Marion County and other counties in the State of Indiana are open to appellant. She can obtain as complete justice here as she can in St. Louis. On the other hand it must be admitted and conceded that it would do a great injustice to compel the appellee railway company to go to St. Louis to defend the action, in that it would compel the appellee to take many witnesses, which would interfere with the business of the railway company and there being no definite assurance that the trial would be had on the day set. It would compel the witnesses being taken more than one time and probably several times before the day of trial; it would be an unnecessary burden and expense upon appellee to do this; it would prevent the jury having the opportunity to view the premises where the accident occurred; it would require and compel the appellee, in all probability, to take depositions which are not as satisfactory, as a general rule, as to have the witnesses so that the jury may see and hear them, and it would take the witnesses from their regular work and would hinder and delay the business of the railway company, and to that extent interfere with interstate commerce. All of these disadvantages and hard-

ships would be incurred by the railway company if the trial is had in St. Louis.

On the other hand no rights of the appellant are violated and no benefits taken from her if the trial is had in Indiana. If there is some secret advantage the appellant hopes to gain by having the trial in St. Louis then equity and good conscience would say that she is not entitled to maintain her action in a foreign jurisdiction.

Judgment affirmed.