NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY
v. PERDIUE ET AL.

[No. 14,329.   Filed November 1, 1933.]

Harker & Irwin, W. A. Everson, H. A. Middleton and William H. Trook, for appellant.

James W. Noel, Hubert Hickam, Alan W. Boyd and Robert D. Armstrong, for appellees.

CURTIS, J.—This was an action for a restraining order and permanent injunction against the appellees, L. V. Perdiue, a Notary Public, Charles P. Noell, and Charles L. Moore, attorneys, and Claude Stevens, Charles Michaels, Herschel Johnson, and L. Ewbank, witnesses, to restrain and enjoin them and each of them respectively from taking testimony and certifying to any deposition; from in any manner representing one Maude J. Hamilton, administratrix of the estate of James C. Meek, in the taking of said depositions in the state of Indiana; and to restrain said witnesses from giving their depositions in said matter.

The controlling facts are simple and not in dispute. They were stipulated mainly and are substantially as follows: James C. Meek was, during practically all of his lifetime and continuously for more than ten years prior to January 11, 1930, a bona fide resident of the city of Frankfort, Indiana, and on said 11th day of January, 1930, said Meek was in the employ of the appellant as a switchman, and on said date was injured in the city of Marion, Indiana, and died there by reason thereof. That said injuries were received while said decedent was employed in interstate commerce. That thereafter, on or about the 3rd day of March, 1930, Lena C. Meek, a resident of Indiana and widow of said decedent, and the sole beneficiary under the Federal Employers' Liability Act, was duly appointed administratrix of the estate of said decedent in the Clinton Circuit Court of Clinton county, Indiana, and that she is

now, and ever since said last named date has been, the duly qualified and acting administratrix of the estate of said decedent under said appointment. That thereafter, on or about the 14th day of March, 1930, said Lena C. Meek, as administratrix of the estate of James C. Meek, deceased, brought suit, as plaintiff, against this appellant to recover damages for the alleged wrongful death of said decedent, and that said action was filed in the circuit court of the city of St. Louis, state of Missouri. That the petition so filed by her in said action in said court was in words and figures, as follows, to wit:

"In the Circuit Court, City of St. Louis, State of Missouri. April Term, 1930. No. 152686.
Lena C. Meek, Administrator of the Estate of James C. Meek, deceased, Plaintiff,
vs.
The New York, Chicago and St. Louis Railroad Company, a Corporation, Defendant.

"Comes now the plaintiff and for her cause of action against the defendant herein states that the defendant is and was at all times hereinafter mentioned, a corporation organized and existing under and by virtue of law, owning and operating railroad properties and systems of railroad in this state and other states, and is now and at all the times hereinafter mentioned, was a common carrier by railroad, and plaintiff states that while the said defendant was engaged in commerce between two or more of the several states of the United States, one James C. Meek, now deceased, was on the 11th day of January, 1930, injured in such a manner and to such an extent when he was employed by the defendant in interstate commerce, that he was killed, such death resulting in whole or in part from the negligence of the agents and employees of the defendant and from the negligent operation of the defendant's cars, appliances, etc.

"Plaintiff further states that the said James C. Meek, now deceased, left surviving him a widow, Lena C. Meek, who was dependent upon him for support and who suffered pecuniary loss by reason of his death. That the said Lena C. Meek at the

time of the death of James C. Meek and prior thereto, was his wife, and plaintiff did not leave surviving him any other wife than the one named above. Plaintiff states that she is the duly appointed, qualified and acting administratrix of the estate of James C. Meek, now deceased, and is his personal representative, and that this action is brought for the benefit of the above mentioned widow.

"Wherefore, plaintiff prays judgment against the defendant for the sum of Ninety-five Thousand ($95,000) Dollars, together with her costs herein laid out and expended. Charles P. Noell, Charles L. Moore, Attorneys for Plaintiff."

On the 15th day of April, 1930, the appellant filed its complaint in the Clinton Circuit Court, Clinton county, Indiana, for a restraining order and injunction against the said Lena C. Meek personally and as such administratrix from prosecuting said cause of action in the Missouri court. The court issued said restraining order and it was duly served upon her on the 16th day of April, 1930. It contained notice that on April 26, 1930, a hearing would be had on the application for a temporary injunction. On the 21st day of April, 1930, the said Maude J. Hamilton, a stenographer in the office of said Noell and Moore and residing in the state of Missouri, was appointed administratrix of the estate of the said James C. Meek in the state of Missouri, whereupon Lena C. Meek dismissed her cause of action without prejudice, and Maude J. Hamilton filed her cause in the same Missouri court. (The cause of action filed by the latter is for exactly the same alleged wrongful acts as the former. The two complaints are signed by the same attorneys, to wit, the said Noell & Moore and are identical except as to caption and number.) On April 28, 1930, in the action above referred to in the Clinton Circuit Court a hearing was had and a permanent injunction ordered. A part of said order is as follows: "It is therefore considered, ordered and adjudged by

the court that the defendant, Lena C. Meek, Administratrix of the Estate of James C. Meek, deceased, as such administratrix, be, and they are hereby, permanently enjoined, from in any manner assisting, aiding, participating or engaging, directly or indirectly in the prosecution, conduct, or trial of a case heretofore filed in the Circuit Court of the City of St. Louis, State of Missouri, wherein Lena C. Meek, Administratrix of the Estate of James C. Meek, deceased, is plaintiff, and The New York, Chicago & St. Louis Railroad Company ·is defendant, and in any action or suit in any court in the State of Missouri, brought by or for the benefit of said Lena ·C. Meek, individually, or as such Administratrix, against said The New York, Chicago & St. Louis Railroad Company for damages by reason of the death of James C. Meek, deceased, or in any other action of any kind whatever to recover damages by reason of the death of said decedent." (Later there was a contempt proceeding against Lena C. Meek for alleged violation of the injunction but these contempt proceedings are unimportant in the result to be reached in the instant case.) There was no appeal taken from the final judgment in said cause and it is in full force and effect.

In order to prosecute her said cause of action Maude J. Hamilton, as such administratrix, on the 6th day of October, 1930, caused a dedimus to issue for the taking of the depositions of such witness above named before the said L. V. Perdiue as Notary Public, whereupon the appellant brought the instant proceedings in the Grant Circuit Court of Grant county, Indiana, for a restraining order and injunction. The complaint is lengthy and need not be set out in full. It sets up all of the proceedings heretofore mentioned in this opinion, and in addition contains allegations to the effect that in equity and good conscience the taking of the said depositions should be enjoined. Upon the final hearing the trial

court entered a finding and judgment denying a permanent injunction but granting a restraining order pending this appeal. Appellant's motion for a new trial was overruled and an exception taken and this appeal prayed and perfected. The error assigned and relied upon for reversal is the ruling of the court on the said motion. It contains two causes, to wit: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law. That part of the court's finding which is material to be considered is as follows: "The court . . . finds for the defendants herein and that the permanent injunction prayed for in the complaint herein should be denied. And the court further finds that the parties herein should be continued in statu quo pending an appeal of this cause." The judgment was in accordance with the finding.

The original judgment in the Clinton Circuit Court against Lena C. Meek, both individually and as such administratrix, enjoining her from prosecuting her said action in Missouri and from which no appeal was taken and which is now in full force and effect, is supported by ample authority both in this state and in the Supreme Court of United States. See *Cleveland, C. C. & St. L. Ry. Co.* v. *Shelly* (1933), 96 Ind. App. 273, 170 N. E. 328; *Kern et al.* v. *Cleveland C. C. & St. L. Ry. Co.* (1933), 204 Ind. 595, 185 N. E. 446; *Michigan, etc., R. R. Co.* v. *Mix* (1929), 278 U. S. 492, 49 S. Ct. 297, 73 L. Ed. 470; *Denver, etc., R. R. Co. et al.* v. *Ben Terte, etc.* (1932), 284 U. S. 284, 52 S. Ct. 152, 76 L. Ed. 226.

It is the main contention of the appellees that state courts of equity have no power to control the right to bring the cause of action, sought to be brought by the said Hamilton, in any jurisdiction where it may be brought under the provisions of the

Federal Employers' Liability Act. They rely particularly upon section 56 of said act, which is as follows: "Under this chapter an action may be brought in a District Court of the United States, in the District of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several states and no case arising under this chapter and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

The propositions of law decided in the above cases settle against the appellees their main contention and we need not enter into a discussion of those principles. We are asked by the appellant, however, to extend the principles thus laid down and to hold that a Notary Public, attorneys and witnesses all within the jurisdiction of this state may be enjoined respectively from taking and certifying depositions, from representing said Hamilton in the taking of said depositions and the witnesses from giving testimony by way of such depositions which would aid the said Hamilton in prosecuting her said cause of action in Missouri, she, the said Hamilton, not being within the jurisdiction of this state.

We are not unmindful of the rule that on grounds of comity, the power of one state to interfere with a litigant who is in due course pursuing his rights and remedies given under the law, in the courts of another state, should be exercised sparingly. But we cannot lose sight of the fact in the instant case that the prosecution of the identical cause of action, when sought to be prosecuted by Lena C. Meek, the widow and sole beneficiary, in the state of Missouri was enjoined in this state upon grounds of equity. If it was inequitable for Lena C. Meek, either individually or as such adminis-

tratrix, to prosecute the said cause of action in Missouri, then upon what process of reasoning could it be maintained that it would not be inequitable for said Hamilton to prosecute it in Missouri? It is true that the court entering the injunction against Meek had jurisdiction over her and that the trial court in the instant case has no jurisdiction over Hamilton. But it is not sought to make any order against Hamilton in the instant case. It is sought only to make an order against persons who are under the jurisdiction of the courts of our state, from assisting her in prosecuting her cause of action in Missouri. Her action is manifestly an attempt to circumvent and annul the decision of a court of competent jurisdiction in our state. As heretofore pointed out that judgment is amply and fully supported by the decisions of our courts of final jurisdiction. The persons sought to be enjoined in the instant case are within the jurisdiction of our courts and the attempt is clearly made to use them to circumvent and annul and render impotent the judgments and law of this state. They should be enjoined from so doing. Every court of general jurisdiction has the inherent power to protect its valid orders and judgments from being so annulled.

The decision of the trial court is contrary to law. The judgment is reversed with instruction to set aside the order denying the permanent injunction and to enter an order and judgment permanently enjoining the appellee as prayed in the appellant's complaint.

Judgment reversed.