**Massood JALLALI, Appellant–Defendant,**

v.

**NATIONAL BOARD OF OSTEOPATH-IC MEDICAL EXAMINERS, INC., Appellee–Plaintiff.**

No. 49A02–0807–CV–606.

Court of Appeals of Indiana.

March 20, 2009.

Massood Jallali, Davie, FL, Appellant Pro Se.

Sydney L. Steele, Andrew R. Falk, Kroger Gardis & Regas, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Massood Jallali appeals the trial court's denial of his motion to dismiss and grant of partial summary judgment in favor of the National Board of Osteopathic Medical Examiners ("NBOME") on count I of a complaint NBOME filed against Jallali.[1] We reverse and remand.

### Issue

The sole restated issue is whether the trial court should have dismissed NBOME's lawsuit on comity grounds.

### Facts

NBOME is a non-profit corporation formed under Indiana law, with its main office in Illinois, that administers certification exams to persons attempting to become licensed osteopathic physicians in the United States and Canada. The series of exams NBOME administers are known as COMLEX–USA Level 1, COMLEX–USA

---

1. In his reply brief, Jallali also attempts to appeal the trial court's apparent grant of judgment in favor of NBOME on count II of its complaint, entered well after this appeal was initiated. We have by separate order granted NBOME's motion to strike this part of the reply brief, as this purported judgment is not properly before us in this appeal. We also have, by separate order, denied NBOME's motion to dismiss this appeal.

Level 2–CE, COMLEX–USA Level 2–PE, and COMLEX–USA Level 3.

Jallali is a Florida resident who has taken a number of NBOME exams. He took and failed to pass the COMLEX–USA Level 1 exam in June 2002, October 2002, June 2003, October 2003, and June 2004, before finally passing in October 2004. Jallali has taken the COMLEX–USA Level 2–CE exam three times and failed each time, in June 2005, August 2005, and February 2007. Jallali took these last two exams electronically, through the NBOME website.

Prior to taking the August 2005 exam, Jallali established an account on the NBOME website. In doing so, NBOME asserts Jallali had to electronically acknowledge that he read, understood, and agreed to certain conditions, including the following:

> (1) I have read and will abide by all the terms and conditions of the most recently published NBOME Bulletin of Information or other written documentation published by the NBOME, and agree that those terms and conditions may be amended, modified or changed by the NBOME at anytime without notice.
>
> \* \* \* \* \* \*
>
> (4) I acknowledge and agree that all information disclosed to me in connection with the administration of the Examination by the NBOME is the confidential property of the NBOME and that I will maintain in the strictest confidence all such information, including without limitation all test items and methods and data relating to the Examination.
>
> \* \* \* \* \* \*
>
> (6) I understand and agree that this Agreement is governed and shall be construed under the laws of Indiana, without regard to conflict of law require-

ments of any state, and I hereby agree and submit to the jurisdiction of the courts of Indiana. Any claim by me under this Agreement shall be brought only in a court of competent jurisdiction in Marion County, Indiana.

Appellee's App. p. 16. The Bulletin of Information referred to in this agreement states in part:

> **K.** *Security and Confidentiality.*
>
> All examinations, examination materials, answer sheets, grading materials and clinical materials used in the COMLEX–USA examinations are the property of the NBOME and are protected by the copyrights laws of the United States. All rights are reserved by the NBOME. Only authorized proctors or other authorized agents or employees of the NBOME shall have custody or control of the examination and the examination materials.
>
> Candidates may have access to the examination only while it is being administered and only under the supervision of authorized proctors. Post examination discussion or review by candidates of the examination or examination material is strictly prohibited. Copyright laws also prohibit unauthorized acquisition, use, or disclosure of the examination or examination materials.
>
> All candidates are reminded that any discussion or disclosure of any aspect of the test items or the clinical cases or standardized patients either during the examination or after the examination is strictly prohibited and could invalidate their scores or disqualify them from taking any further NBOME examinations.

*Id.* at 116.

On August 7, 2007, Jallali sued NBOME in Broward County, Florida, seeking to

access the exams NBOME had administered to him, the answer keys to those exams, and NBOME's methodology of scoring the COMLEX–USA exams. Jallali subsequently sought an injunction preventing NBOME from giving the COMLEX–USA exams in Florida. On April 28, 2008, the Florida court denied NBOME's motion to dismiss Jallali's lawsuit.

Meanwhile, on February 26, 2008, NBOME filed suit against Jallali in Marion County, Indiana. Count I of the complaint sought a declaratory judgment that Jallali has no contractual or other legal right to access any of the COMLEX–USA exams, the answer keys to those exams, or NBOME's methodology for testing and scoring those exams. Count II of the complaint alleged Jallali breached his contract with NBOME by filing suit against it in Florida and seeking damages for that breach.

On March 12, 2008, Jallali moved to dismiss NBOME's complaint for two reasons: that the Indiana trial court lacked personal jurisdiction over him, and because of the already-pending Florida lawsuit. On March 31, 2008, NBOME moved for summary judgment on count I of its complaint. The trial court held a joint hearing on both motions on May 28, 2008. The next day, the trial court denied Jallali's motion to dismiss and granted NBOME's motion for partial summary judgment; it also certified its summary judgment order as final pursuant to Indiana Trial Rule 54(B). Jallali has appealed the summary judgment ruling and also sought to initiate an interlocutory appeal from the denial of his motion to dismiss. We declined to allow an interlocutory appeal from that denial, pursuant to NBOME's argument that Jallali could appeal that denial in conjunction with an appeal from the grant of summary judgment.

### Analysis

The dispositive issue we address is whether NBOME's Indiana complaint should have been dismissed on comity grounds, because it was filed after Jallali initiated legal action in Florida.[2] Comity differs from full faith and credit in that it applies to matters other than final judgments and is not a constitutional requirement. *See Ventura County, State of Cal. v. Neice*, 434 N.E.2d 907, 910 (Ind.Ct.App. 1982). Rather, comity is " 'a willingness to grant a privilege, not as a matter of right, but out of deference and good will. Its primary value is to promote uniformity of decision by discouraging repeated litigation of the same question.' " *Kentner v. Indiana Pub. Employers' Plan, Inc.*, 852 N.E.2d 565, 575 (Ind.Ct.App.2006) (quoting *American Econ. Ins. Co. v. Felts*, 759 N.E.2d 649, 660 (Ind.Ct.App.2001)), *trans. denied*, Under comity, an Indiana state court may dismiss a case in order to respect proceedings pending in another state's court. *Felts*, 759 N.E.2d at 660.

Generally, whether to exercise comity is a matter within a trial court's discretion, and we review such a decision for an abuse of discretion. *In re Arbitration Between Am. Gen. Fin. Servs., Inc. & Miller*, 820 N.E.2d 722, 724 (Ind.Ct.App. 2005). However, it also has been said that "on grounds of comity, the power of one state to interfere with a litigant who is in due course pursuing his rights and remedies given under the law, in the courts of another state, should be exercised sparingly." *New York, C. & St. L.R. Co. v. Perdi-*

---

2. NBOME asserts that Jallali failed to make a cogent comity argument before the trial court. Having reviewed the hearing on the motion to dismiss, we disagree. Jallali plainly invoked comity as a basis for dismissing the complaint and cited pertinent authority on that point to the trial court. *See* Tr. pp. 9–10.

*ue,* 97 Ind.App. 517, 523, 187 N.E. 349, 351 (1933). This is in keeping with this court's more recent pronouncement regarding injunctions prohibiting persons from prosecuting a lawsuit in other states or jurisdictions, namely, that such injunctions should only be issued in limited circumstances and are highly controversial because they interfere with another court's power. *See Cloverleaf Enters., Inc. v. Centaur Rosecroft LLC,* 815 N.E.2d 513, 520 (Ind.Ct. App.2004), *trans. denied.* Courts in other jurisdictions likewise have concluded that where an action concerning the same parties and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice, comity ordinarily should require staying or dismissal of a subsequent action filed in a different jurisdiction, in the absence of special circumstances. *See McWane Cast Iron Pipe Corp. v. McDowell–Wellman Eng'g Co.,* 263 A.2d 281, 283 (Del.1970); *American Home Products Corp. v. Adriatic Ins. Co.,* 286 N.J.Super. 24, 668 A.2d 67, 72 (N.J.Super.Ct.App.Div.1995).

■■■ Factors this court has considered in addressing comity questions include whether the first filed suit has been proceeding normally, without delay, and whether there is a danger the parties may be subjected to multiple or inconsistent judgments. *See Hexter v. Hexter,* 179 Ind. App. 638, 640, 386 N.E.2d 1006, 1008 (1979). We also believe it appropriate to look for guidance from cases interpreting Indiana Trial Rule 12(B)(8), which expressly permits dismissal of a lawsuit where another action already is pending in another *Indiana* state court.[3] Under that rule, a second action "should be dismissed where the parties, subject matter, and

remedies are precisely or even substantially the same in both suits." *Vannatta v. Chandler,* 810 N.E.2d 1108, 1110–11 (Ind. Ct.App.2004).

■■■ Here, NBOME faults Jallali for including certain materials related to his Florida lawsuit in his appendix. Nonetheless, even if we were to ignore those particular documents, NBOME's Indiana complaint on its face states that Jallali initiated a lawsuit in Florida in August 2007 seeking access to COMLEX–USA exams, the answer keys to those exams, and NBOME's testing and scoring methodology, and making claims related to the COMLEX–USA exams. NBOME itself also supplied the trial court here with a copy of the Florida court's denial of NBOME's motion to dismiss Jallali's lawsuit on April 28, 2008. There is no indication that the Florida lawsuit is not proceeding normally. The subject matter of NBOME's Indiana action, seeking to prohibit Jallali from accessing COMLEX–USA exams and related information, clearly is precisely the same as at least one of the issues being litigated in the Florida lawsuit.

Allowing both the Florida lawsuit and the Indiana lawsuit to proceed to completion potentially could expose Jallali (and NBOME for that matter) to two directly contradictory results: one ruling (as here) that Jallali cannot access the COMLEX–USA exams and related information, and another ruling that he can. That would be untenable. Additionally, NBOME has not adequately explained why the issue of the forum selection clause in the agreement Jallali purportedly electronically signed could not be adequately litigated in Florida;[4] if a Florida court found that clause

---

**3.** Indiana Trial Rule 12(B) contains no express provision related to dismissal based on comity with another state's court.

**4.** Jallali points out that this electronic signing, if valid, would seem to apply only to the last two exams that he took over the web; NBOME does not explain how this agreement

completely enforceable, this case could end up back in Indiana. But because the Florida case already was pending when NBOME filed this action, the Florida case should be allowed to proceed to completion. The same is true of NBOME's claims that Jallali's Florida lawsuit is "frivolous, unreasonable, groundless, and/or in bad faith." Appellee's App. p. 10. We presume the Florida court can adequately assess whether that is the case. Furthermore, we conclude, given the substantial similarity between the parties, subject matter, and remedies sought in both the Indiana and Florida lawsuits, the trial court here ought to have exercised its discretion in favor of deferring to the already-pending Florida litigation in the interests of comity.

would apply retroactively to the other seven exams Jallali took.

**5.** We decline Jallali's request to sanction counsel for NBOME or refer him to the

## Conclusion

The trial court abused its discretion in denying Jallali's motion to dismiss NBOME's Indiana lawsuit on comity grounds. We reverse the denial of the motion to dismiss, which also necessarily results in reversal of the partial grant of summary judgment in favor of NBOME, and remand for the trial court to dismiss NBOME's complaint.[5]

Reversed and remanded.

BAILEY, J., and MATHIAS, J., concur.

Indiana Disciplinary Commission.