**Massood JALLALI, Appellant–Defendant,**

v.

**NATIONAL BOARD OF OSTEOPATHIC MEDICAL EXAMINERS, INC., Appellee–Plaintiff.**

**No. 49A02–0807–CV–606.**

Court of Appeals of Indiana.

June 26, 2009.

---

Massood Jallali, Davie, FL, Appellant Pro Se.

Sydney L. Steele, Andrew R. Falk, Kroger Gardis & Regas, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BARNES, Judge.

### Case Summary

The National Board of Osteopathic Medical Examiners ("NBOME") has petitioned for rehearing following our decision in *Jallali v. NBOME*, 902 N.E.2d 902 (Ind.Ct. App.2009). We grant rehearing and vacate our original opinion, wherein we reversed the trial court's denial of Massood Jallali's motion to dismiss NBOME's complaint. However, we still conclude it is necessary to partially reverse the trial court's denial of Jallali's motion to dismiss and grant of partial summary judgment in NBOME's favor.

### Issues

The issues before us on rehearing are:

I. whether the trial court properly denied Jallali's motion to dismiss; and

II. whether the trial court properly granted partial summary judgment in favor of NBOME.

### Facts

We related the facts underlying this case in our original opinion as follows:

NBOME is a non-profit corporation formed under Indiana law, with its main office in Illinois, that administers certification exams to persons attempting to become licensed osteopathic physicians in the United States and Canada. The series of exams NBOME administers are known as COMLEX–USA Level 1, COMLEX–USA Level 2–CE, COMLEX–USA Level 2–PE, and COMLEX–USA Level 3.

Jallali is a Florida resident who has taken a number of NBOME exams. He took and failed to pass the COMLEX–USA Level 1 exam in June 2002, October 2002, June 2003, October 2003, and

June 2004, before finally passing in October 2004. Jallali has taken the COMLEX–USA Level 2–CE exam three times and failed each time, in June 2005, August 2005, and February 2007. Jallali took these last two exams electronically, through the NBOME website.

Prior to taking the August 2005 exam, Jallali established an account on the NBOME website. In doing so, NBOME asserts Jallali had to electronically acknowledge that he read, understood, and agreed to certain conditions, including the following:

(1) I have read and will abide by all the terms and conditions of the most recently published NBOME Bulletin of Information or other written documentation published by the NBOME, and agree that those terms and conditions may be amended, modified or changed by the NBOME at anytime without notice.

\* \* \* \* \* \*

(4) I acknowledge and agree that all information disclosed to me in connection with the administration of the Examination by the NBOME is the confidential property of the NBOME and that I will maintain in the strictest confidence all such information, including without limitation all test items and methods and data relating to the Examination.

\* \* \* \* \* \*

(6) I understand and agree that this Agreement is governed and shall be construed under the laws of Indiana, without regard to conflict of law requirements of any state, and I hereby agree and submit to the jurisdiction of the courts of Indiana. Any claim by me under this Agreement shall be brought only in a court of competent jurisdiction in Marion County, Indiana.

Appellee's App. p. 16. The Bulletin of Information referred to in this agreement states in part:

**K.** *Security and Confidentiality.*

All examinations, examination materials, answer sheets, grading materials and clinical materials used in the COMLEX–USA examinations are the property of the NBOME and are protected by the copyrights laws of the United States. All rights are reserved by the NBOME. Only authorized proctors or other authorized agents or employees of the NBOME shall have custody or control of the examination and the examination materials.

Candidates may have access to the examination only while it is being administered and only under the supervision of authorized proctors. Post examination discussion or review by candidates of the examination or examination material is strictly prohibited. Copyright laws also prohibit unauthorized acquisition, use, or disclosure of the examination or examination materials.

All candidates are reminded that any discussion or disclosure of any aspect of the test items or the clinical cases or standardized patients either during the examination or after the examination is strictly prohibited and could invalidate their scores or disqualify them from taking any further NBOME examinations.

*Id.* at 116.

On August 7, 2007, Jallali sued NBOME in Broward County, Florida, seeking to access the exams NBOME had administered to him, the answer keys to those exams, and NBOME's methodology of scoring the COMLEX–

USA exams. Jallali subsequently sought an injunction preventing NBOME from giving the COMLEX–USA exams in Florida. On April 28, 2008, the Florida court denied NBOME's motion to dismiss Jallali's lawsuit.

*Jallali,* 902 N.E.2d at 903–905.

On February 26, 2008, NBOME filed a two-count complaint against Jallali in Marion County, Indiana. NBOME sought under count I a declaratory judgment that Jallali could not have access to any of the testing materials related to any of the nine examinations he took. Count II sought damages for breach of contract by Jallali, based on his bringing suit in Florida. On May 29, 2008, the trial court denied Jallali's motion to dismiss NBOME's complaint on the bases of comity and lack of personal jurisdiction. At the same time, the trial court granted partial summary judgment in favor of NBOME on count I of the complaint, concluding that Jallali could not access any of the testing materials for any of the examinations he took.

This appeal ensued. As we noted in our original opinion, Jallali properly is challenging both the denial of his motion to dismiss and the partial grant of summary judgment in favor of NBOME on count I of the complaint, but he cannot challenge a subsequent judgment the trial court apparently entered in NBOME's favor on count II of the complaint after this appeal was initiated.

### Analysis

### I. *Motion to Dismiss*

In our original opinion, we held that the trial court erred in refusing to dismiss NBOME's complaint. Namely, we concluded, "the trial court here ought to have exercised its discretion in favor of deferring to the already-pending Florida litigation in the interests of comity." *Jallali,*

902 N.E.2d at 907. We need not repeat the full extent of our analysis here. Suffice it to say, one of the central tenets of our holding was that "[t]here is no indication that the Florida lawsuit is not proceeding normally." *Id.* at 906.

Part of the reason for this conclusion was that the Florida court had denied a motion to dismiss by NBOME on April 28, 2008. On rehearing, NBOME has advised us that, in fact, Jallali's "Complaint for Pure Bill of Discovery" was later dismissed on September 16, 2008. It was this action, seeking access to NBOME examination information, that conflicted directly with NBOME's Indiana action seeking to prohibit Jallali from such access. Jallali did not file a response to NBOME's petition for rehearing disputing the fact of this dismissal.

Ordinarily, we do not permit parties to raise issues in petitions for rehearing that were not raised in the original briefs. *See, e.g., State v. Jones,* 835 N.E.2d 1002, 1004 (Ind.2005). NBOME filed its original brief in this matter on November 21, 2008, well over two months after Jallali's "Complaint for Pure Bill of Discovery" had been dismissed. We are baffled, confused, and puzzled why NBOME did not advise us of that fact in its first brief.

Clearly, this dismissal is vitally important to our consideration of the issues raised here, and renders our original opinion factually and legally incorrect. There can be no comity discussion about a case that no longer exists. Jallali does not escape unscathed. He trumpeted the Florida court's April 28, 2008 *denial* of NBOME's motion to dismiss without disclosing the September 16 *dismissal* of the case. We view our duty as making the best legal analysis we are capable of in the factual context of the case. We feel compelled to take another view of these new

facts and do so with the understanding that this is an extraordinarily rare event.

 It does appear Jallali has filed an amended complaint in Florida, accusing NBOME of fraud, deceit, and negligent misrepresentation. As we noted in our original opinion, one requirement of comity is that two lawsuits in different jurisdictions are addressing the same subject matter. *See id.* It is not clear that Jallali's amended complaint addresses precisely the same subject matter as NBOME's Indiana lawsuit, unlike his original "Complaint for Pure Bill of Discovery." As such, we conclude the trial court is not required to defer to the Florida litigation in the interests of comity, and it did not err in refusing to dismiss NBOME's lawsuit on this basis.

 Jallali also contended that NBOME's lawsuit should have been dismissed for lack of personal jurisdiction; it was not necessary to address this argument in our original opinion. We review de novo a challenge to the trial court's jurisdiction, bearing in mind that a party challenging jurisdiction bears the burden of establishing the lack thereof by a preponderance of the evidence. *Adsit Co., Inc. v. Gustin,* 874 N.E.2d 1018, 1022 (Ind. Ct.App.2007). "Parties may consent by contract to the exercise of personal jurisdiction by courts that otherwise might not have such jurisdiction." *Id.* Forum selection clauses found in form contracts are enforceable if they are reasonable and just under the circumstances, there is no evidence of fraud or overreaching such that the agreeing party would be deprived of a day in court, and the provision was freely negotiated. *Id.* at 1022. (quoting *Farm Bureau Gen. Ins. Co. of Mich. v. Sloman,* 871 N.E.2d 324, 329 (Ind.Ct.App.2007), *trans. denied* ).

 These same contract principles generally apply to internet "clickwrap" agreements. *See id.* at 1023. Such agreements appear on a webpage and require that the user consent to any terms and conditions by clicking on a dialog box on the screen in order to proceed with the internet transaction. *Id.* (quoting *Feldman v. Google, Inc.,* 513 F.Supp.2d 229, 236 (E.D.Pa.2007)). The primary focus when deciding whether a clickwrap agreement is enforceable is whether the party clicking it had reasonable notice of and manifested assent to the agreement. *Id.*

Here, NBOME designated evidence, which Jallali failed to oppose, demonstrating that in order to take the last two examinations electronically, Jallali had to execute a clickwrap agreement. Specifically, it would have been impossible for Jallali to have taken either of those examinations without first establishing an account through the NBOME website. In order to establish such an account and obtain a username and password, Jallali would first have had to click "Accept" under a dialogue box that contained an "ACKNOWLEDGMENT AND AGREEMENT". Appellee's App. p. 123. Within that agreement was paragraph six, stating:

> I understand and agree that this Agreement is governed and shall be construed under the laws of Indiana, without regard to conflict of law requirements of any state, and I hereby agree and submit to the jurisdiction of the courts of Indiana. Any claim by me under this Agreement shall be brought only in a court of competent jurisdiction in Marion County, Indiana.

*Id.* at 126. This set of circumstances is very similar to those we addressed in *Adsit,* where we found a forum selection clause in a clickwrap agreement to be en-

forceable. We see no reason to reach a different result here.[1]

 As we noted in a footnote in our original opinion, however, "Jallali points out that this electronic signing, if valid, would seem to apply only to the last two exams that he took over the web; NBOME does not explain how this agreement would apply to the other seven exams Jallali took." *Jallali,* 902 N.E.2d at 906 n. 4. NBOME's only response to Jallali's argument on this point is that its relevance "is not understood." Appellee's Br. p. 16 n.7. Actually, we find this argument to be highly relevant. Forum selection clauses only govern claims that fall within the scope of the clause. *See Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.,* 234 S.W.3d 679, 687–88 (Tex.App.2007), *rev. denied* (citing *Marinechance Shipping, Ltd. v. Sebastian,* 143 F.3d 216, 221–22 (5th Cir.1998), *cert. denied* ). Moreover, forum selection clauses do not by themselves create contacts with the forum state sufficient to establish general personal jurisdiction but instead establish specific personal jurisdiction. *See Phone Directories Co., Inc. v. Henderson,* 8 P.3d 256, 260 (Utah 2000). General personal jurisdiction refers to the ability to be sued for any claim in a state, while specific personal jurisdiction only permits courts in the forum state to hear a case whose issues arise from the party's contacts with the state. *See Brockman v. Kravic,* 779 N.E.2d 1250, 1256 (Ind.Ct.App.2002).

 Here, the forum selection clause that Jallali had to have executed specifically states that it applies to any disputes arising "under *this* Agreement." Appellee's App. p. 126 (emphasis added). The only evidence NBOME designated is that Jallali entered into an agreement with respect to the last two of the nine examinations. There is no evidence of any agreement or forum selection clause that Jallali entered into with respect to the first seven examinations. Nor is there any clear indication in the forum selection clauses Jallali did execute that he was retroactively agreeing to jurisdiction in Indiana for any disputes related to the first seven examinations. NBOME has offered no other basis for an Indiana court to have personal jurisdiction over Jallali, aside from the forum selection clauses.[2] Thus, we conclude the trial court lacks personal jurisdiction over Jallali to adjudicate any claims related to the first seven examinations he took. We realize this may create some complications in litigation of this case, given that some of the questions are similar with respect to all nine examinations, but NBOME simply has failed to designate any evidence that Jallali consented to suit in Indiana on issues related to the first seven examinations. The trial court should have partially dismissed NBOME's complaint to the extent it raised claims related to the first seven examinations.

## II. Summary Judgment

In our original opinion, it also was unnecessary to address whether the trial court properly granted partial summary judgment to NBOME on count I of its complaint; we now address that issue, as it

---

1. Jallali makes other arguments regarding the inadequacy of NBOME's designated evidence regarding the clickwrap agreement. We find these arguments to lack cogency and will not address them further. *See* Ind. Appellate Rule 46(A)(8)(a); *Triplett v. USX Corp.,* 893 N.E.2d 1107, 1117 (Ind.Ct.App.2008), *trans. denied.*

2. Jallali's motion to dismiss sought dismissal of NBOME's complaint on the basis that he lacked sufficient contacts with Indiana, per Indiana Trial Rule 4.4(A). NBOME has never asserted that Jallali met any of the bases for personal jurisdiction outlined under that Rule; it has relied exclusively on the forum selection clause in the clickwrap agreement.

pertains to the last two examinations Jallali took. We review a grant of summary judgment to determine whether there are genuine issues of material fact, and whether the moving party is entitled to judgment as a matter of law. *Yates v. Johnson County Bd. of Comm'rs*, 888 N.E.2d 842, 846 (Ind.Ct.App.2008). We must construe all evidence in favor of the party opposing summary judgment, and all doubts as to the existence of a material issue must be resolved against the moving party. *Id.* at 847. We carefully review a grant of summary judgment in order to ensure that a party was not improperly denied his or her day in court. *Reeder v. Harper*, 788 N.E.2d 1236, 1240 (Ind.2003).

Count I of NBOME's complaint sought a declaration that Jallali had no right to access any of the examinations, corresponding answer keys, or testing and scoring methodology for any of the exams Jallali took. NBOME's argument on this point has always solely been directed to the clickwrap agreement Jallali would have had to have executed when he first electronically registered on NBOME's website, prior to his taking the last two of the nine examinations. This agreement contained its own language regarding the confidentiality of NBOME testing materials and required Jallali to maintain such information "in the strictest confidence." Appellee's App. p. 16. It also cross-referenced NBOME's "Bulletin of Information" and required Jallali to state that he had read and would abide by all of the terms and conditions of the Bulletin. *Id.* at 123. The Bulletin spells out in more detail that "[p]ost examination discussion or review by candidates of the examination or examination material is strictly prohibited." *Id.* at 116.

For primarily the same reasons as we found the forum selection clause in the clickwrap agreement enforceable, these provisions regarding the confidentiality and non-accessibility of the testing materials also are enforceable. Jallali has not advanced any cogent reason why the confidentiality provisions should not be valid. Again, however, this agreement applies only to the last two examinations Jallali took; the trial court lacked personal jurisdiction over Jallali to enter an order purporting to prohibit him from accessing information related to the first seven examinations. Thus, we reverse the trial court's grant of partial summary judgment on count I of NBOME's complaint to the extent it applies to the first seven examinations, and affirm it with respect to the last two examinations.[3]

## Conclusion

We grant rehearing and vacate our original opinion in this matter. We now reverse the denial of Jallali's motion to dismiss and grant of partial summary judgment in favor of NBOME with respect to any claims related to the first seven examinations Jallali took, affirm as to the last two examinations, and remand

---

**3.** NBOME contends, in part, that it was entirely entitled to summary judgment because Jallali did not designate any evidence in response to NBOME's summary judgment motion. However, NBOME as summary judgment movant bore the initial burden of showing no genuine issue of material fact and the appropriateness of judgment as a matter of law. *See Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 975 (Ind.

2005). "If the movant fails to make this prima facie showing, then summary judgment is precluded regardless of whether the non-movant designates facts and evidence in response to the movant's motion." *Id.* NBOME failed to designate any evidence that Jallali entered into any confidentiality agreements or agreed to jurisdiction in Indiana with respect to the first seven examinations.

for further proceedings consistent with this opinion.

Reversed and remanded.[4]

BAILEY, J., and MATHIAS, J., concur.

4. Jallali has filed with this court a motion for costs, pursuant to Indiana Appellate Rule 67. This motion is premature, because there is as yet no opinion certified as final in this case under Indiana Appellate Rule 65(E).